**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,**

v.

**Phillip Daniel BARNETTE, a minor, by next friend and mother, Helen M. Barnette, Appellee.**

Supreme Court of Tennessee.

Oct. 2, 1972.

Walter O. Waddey, David W. Blankenship, Kingsport, for appellant; Hunter, Smith, Davis, Norris, Waddey & Treadway, Kingsport, of counsel.

William T. Gamble, Donald G. Ward, Wilson, Worley, Gamble & Dodson, Kingsport, for appellee.

## OPINION

DYER, Chief Justice.

This is an action pursuant to our declaratory judgment statutes, filed by the appel-

lee, Phillip Daniel Barnette, a minor, by next friend and mother, Helen M. Barnette, seeking a determination of the liability of appellant, State Farm Mutual Automobile Insurance Company, under the uninsured motorist provisions of its policy. The case was heard in the trial court on stipulation, giving jurisdiction on appeal to this Court.

Phillip Daniel Barnette was injured while riding as a guest passenger on a motorcycle operated by Steve Noel, when the motorcycle collided with an automobile driven by Stuart Dickenson. Barnette, by next friend, filed suit against Dickenson and Noel. The suit against Dickenson was settled by payment to Barnette of the sum of $9,500.00. This settlement agreement recited this payment was to have no effect upon the cause of action pending against Noel. The suit against Noel was tried to a jury, resulting in a judgment for Barnette in the amount of $170,000.00. Noel is an uninsured motorist and the judgment remains unpaid.

Barnette is an insured under a policy issued by State Farm, which policy provides uninsured motorist coverage for personal injuries in the required amount of $10,000.-00 per person. Barnette claims State Farm is liable for the full amount of the coverage. State Farm admits liability for $500.00, arriving at this figure by claiming the $9,500.00 paid by Dickenson is, under the terms of the policy, an offset against its liability. The trial judge found for Barnette, resulting in this appeal.

There is one assignment of error, as follows:

That the trial court erred in failing to find that policy provision 13(b)(1) filed with and approved by the Commissioner of Insurance for the State of Tennessee is a valid provision for offset pursuant to T.C.A. § 56–1152, thus refusing to allow the $9,500.00 as a credit toward the maximum uninsured motorist coverage of $10,000.00.

The Legislature, by Chapter 371, Public Acts of 1967, now codified as T.C.A. § 56–1148–1153, enacted what is designated as our "Uninsured Motorist Statutes." These statutes with exceptions not pertinent to the case sub judice required all automobile liability insurance policies issued in this State to contain this coverage to a set minimum. The policy here at issue is written in accord with these statutes. The statutes require coverage inuring to the benefit of the insured for certain damages received by the insured, which insured would be legally entitled to recover from the owner or operator of an uninsured motor vehicle. The limitations allowed on this required coverage are contained in the following language in T.C.A. § 56–1152, as follows:

Such forms of coverage may include such terms, exclusions, limitations, conditions, and offsets, which are designed to avoid duplication of insurance and other benefits.

The provision of the policy relied upon by State Farm is contained in Section 13(b)(1), and reads as follows:

(b) Any amount payable under this coverage because of bodily injury sustained in an accident by a person who is an insured under this coverage shall be reduced by:

(1) all sums paid on account of such bodily injury by or on behalf of (i) the owner or operator of the insured automobile and any other person or organization jointly or severally liable together with such owner or operator for such bodily injury including all sums paid under Coverage A;

There is no serious argument under the language of the policy copied above the position of State Farm is correct. The critical issue is whether the language of the policy is in conflict with the language of T.C.A. § 56–1152. Stated in another manner, under the facts of this case does the language of T.C.A. § 56–1152 allow an in-

surance company by a provision in its policy to provide for an offset against this coverage for the amount received by its insured from a "person jointly and severally liable."

The Tennessee cases cited are: Smith v. Allstate Ins. Co., 224 Tenn. 423, 456 S.W. 2d 654 (1970), and the unreported case of Judy Kinnear Jenkins v. State Farm Mutual Automobile Insurance Company, Davidson Equity, released August 3, 1970.

The Court in the *Smith* case held valid a provision in the policy excluding all coverage under its uninsured motorist coverage where there was no physical contact between the motor vehicle in which its insured was riding and the motor vehicle of the uninsured motorist. The case did not involve a consideration of offsets against coverage allowed by the language of T.C. A. § 56–1152 copied above.

The appellant recognizes the *Smith* case is not directly in point on the issue in the case sub judice, but argued it is persuasive on the following rationale: That the result reached in the *Smith* case was based upon the fact the provision in the policy denying coverage was filed with and approved by the Commissioner of Insurance and Banking for the State of Tennessee, as required by T.C.A. § 56–1148, and that the provision was not in conflict with our uninsured motorist statutes. It is argued the case is persuasive since the policy in the case sub judice has been filed with and approved by the said Commissioner. This is correct, but it is also noted in the *Smith* case the approval of the Commissioner will not make provisions of the policy invulnerable if they are in conflict with the statute.

The *Jenkins* case did involve the language of T.C.A. § 56–1152. Under the language of this statute the policy in the *Jenkins* case contained a provision allowing deductions from uninsured motorist coverage for those amounts paid to the insured pursuant to the medical coverage of the policy. We held this provision valid. This case is distinguishable from the case sub judice on the facts. In the *Jenkins* case the insurer had paid to the insured its full legal liability under the uninsured motorist provisions. The suit in the *Jenkins* case sought to recover, beyond the amount already paid, medical payments due under the policy, even though the policy contained provisions prohibiting such recovery. This is not the factual situation in the case at bar.

■ In viewing this statute as a whole, we think it was the basic purpose of the Legislature to enact an uninsured motorist statute to provide protection to an amount no less than the required minimum for an insured against the risk of inadequate compensation for injuries or death caused by the negligence of a financially irresponsible motorist. As an offset against this coverage the Legislature provided there could be provisions in the policy "which are designed to avoid duplication of insurance and other benefits."

■ We think the Legislature in the use of the word "duplication" in the last sentence of T.C.A. § 56–1152, intended policies could contain provisions when approved by the Commissioner of Insurance and Banking, as required by T.C.A. § 56–1148, which would prohibit an insured from receiving payment under the uninsured motorist coverage where such payment, when added to the other payments received by insured, whether received from "insurance or other benefits" would exceed the amount of insured's actual damage and, therefore, be in effect a duplication.

In the case sub judice Barnette received injuries admitted to be in the amount of $170,000.00. The full coverage under the uninsured motorist provision here at issue is $10,000.00, which, when added to the $9,500.00 received by insured from Dickenson, will not exceed the total amount of the damages fixed for the injuries received by the insured.

■ The provision of the policy here at issue contained in Section 13(b)(1), as ap-

plied to the facts of this case, is in conflict with our uninsured motorist statute.

The judgment is affirmed.

CHATTIN and McCANLESS, JJ., concur.

JENKINS, Special Justice, not participating.