STATE AUTOMOBILE MUTUAL INSUR-
ANCE COMPANY, Petitioner,

v.

Barry CUMMINGS, Respondent.

Supreme Court of Tennessee.

Feb. 18, 1975.

Hunter K. Cochran, Cochran, Carey, Fleischer & Mullikin, Memphis, for petitioner.

J. B. Cobb, Memphis, for respondent.

## OPINION

FONES, Chief Justice.

Barry Cummings sued State Automobile Mutual Insurance Company in the Chancery Court, seeking to recover $10,000 under the uninsured motorist coverage of a policy issued by that company to plaintiff's father. Defendant appealed from an adverse decision and, while there is no real dispute as to the facts, oral testimony adduced in the Chancery Court and preserved by a bill of exceptions, vested jurisdiction in the Court of Appeals.

That Court affirmed the Chancery Court and defendant petitioned for the writ of certiorari, which was granted.

Plaintiff was a passenger in a car being driven by Jerry Smith at the time it was involved in an accident with a vehicle owned by Turner Allen and driven by Henry Benson. Allen and Benson were uninsured and insolvent.

Plaintiff sued Allen and Benson in the Circuit Court of Shelby County and was awarded a jury verdict of $28,000. Smith's insurance carrier paid the sum of $10,000 under its uninsured motorist coverage.

Both the Chancellor and the Court of Appeals were of the opinion that the decision of this Court in State Farm Mutual Automobile Insurance Company v. Barnette, 485 S.W.2d 545 (Tenn.1972), controls the disposition of this case.

In *Barnette,* the plaintiff was a guest passenger of one Noel. Dickinson, the

driver of the other vehicle in the accident, had liability coverage. Barnette sued Dickinson and Noel. Dickinson's liability carrier paid $9,500 under an instrument that permitted Barnette to pursue his suit against Noel, wherein he was awarded a judgment of $170,000. He sought recovery of $10,000 under the uninsured motorist provision of his own liability policy with State Farm Mutual. State Farm asserted that a provision in its policy authorizing an offset against the $10,000 uninsured motorist coverage of sums received by Barnette, its insured, from any person jointly and severally liable, entitled it to offset the $9,500 Barnette received from Dickinson, thus limiting its liability to $500. Conceding that to be the effect of the policy provision, the Court considered the critical issue in the case to be whether or not such a provision was valid under T.C.A. § 56–1152.

Said section reads as follows:

"56–1152. *Minimum policy limits not increased.*—Nothing contained in §§ 56–1148—56–1153 shall be construed as requiring the forms of coverage provided pursuant to §§ 56–1148—56–1153, whether alone or in combination with similar coverage afforded under other automobile liability policies, to afford limits in excess of those that would be afforded had the insured thereunder been involved in an accident with a motorist who was insured under a policy of liability insurance with the minimum limits described in § 59–1206. Such forms of coverage may include such terms, exclusions, limitations, conditions, and offsets, which are designed to avoid duplication of insurance and other benefits."

The 1974 amendment to this section is inapplicable.

The Court, in *Barnette,* interpreted the basic purpose of the statute to be the providing of protection from injury or death caused by a financially irresponsible motorist in an amount no less than the minimum required by the Financial Responsibility Act; that the word "duplication" in the last sentence of T.C.A. § 56–1152 was intended merely to prevent a total collection of insurance and other benefits in excess of the insured's actual damage. The conclusion was reached that the offset provision of the State Farm policy was in conflict with our uninsured motorist statute and Barnette was awarded the policy limit of $10,000.

The policy provision relied upon by defendant in the instant case reads as follows:

"*Other Insurance.* With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under Part IV shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance."

Part IV of the policy provides the uninsured motorist coverage. The effect produced by the application of this provision is identical with the offset provision in the insurance policy involved in *Barnette.* Contrary to the insistence of the plaintiff, we think no valid distinction can be made between the two policy provisions.

The trial court and the Court of Appeals were correct in stating that, applying the precedent of *Barnette,* plaintiff would be entitled to recover in this case.

In two cases decided since *Barnette,* this Court has extensively discussed the legislative intent in enacting T.C.A. § 56–1152, specifically with respect to its effect on "other insurance" and similar provisions, and other benefits available to the insured.

In Shoffner v. State Farm Mutual Automobile Insurance Company, 494 S.W.2d 756 (Tenn.1972), Mr. Justice McCanless cites cases decided by the Courts of Washington, Utah, Louisiana and New York,

holding that the legislative purpose of uninsured motorist statutes is to provide protection of not less than, and *not more than,* the minimum statutory limits. "Other insurance" and similar provisions in policies providing uninsured motorist coverage are held to be valid and enforceable, to the extent that they do not reduce coverage below the statutory minimum. On the other hand, decisions by the Courts of Alabama, Arizona, Georgia, Pennsylvania, North Carolina and Virginia are cited, wherein it is said that such statutes place no limit on the total recovery and, where an insured is a beneficiary of more than one uninsured motorist policy, the only limitation on total recovery is his actual loss for bodily injury. That result is accomplished by invalidating other insurance and similar provisions in policies on the ground that the legislative purpose behind such compulsory statutes is remedial and will not permit an insurer to avoid a liability imposed by statute.

The observation was made in *Shoffner,* and also in Terry v. Aetna Casualty and Surety Company, 510 S.W.2d 509 (Tenn. 1974), that the uninsured motorist statutes of the states mentioned herein have no section similar to T.C.A. § 56–1152. Only Iowa has a similar section, and no decision in Iowa on the question involved in the instant case has been reported.

The two lines of authority result solely from divergent views of the legislative purpose in enacting virtually identical uninsured motorist statutes. As indicated in *Shoffner,* we are not free to align ourselves with either group, because of the enactment by our Legislature of T.C.A. § 56–1152.

In *Terry,* the Court takes cognizance of the fact that the majority of states, and the better view, absent a provision such as T.C.A. § 56–1152, allows recovery beyond the minimum statutory limit. But, in over-

ruling prior decisions to the contrary, the Court held that T.C.A. § 56–1152 evinces a legislative purpose to provide recovery only up to the minimum statutory limit.

While we do not applaud either the draftsmanship or the existence of T.C.A. § 56–1152, we must give it the effect that its reasonable construction demands. The Legislature has stated that nothing in the Uninsured Motorist statutes is to be construed as requiring coverage beyond the sum of $10,000, either alone or in combination with similar coverage, and has expressly authorized all policies to contain provisions to avoid duplication of insurance and other benefits.

We hold that said section must be construed as authorizing policy provisions that may validly limit the recovery of a tort victim insured by uninsured motorist coverage to a maximum collection of $10,000 (or the policy limits) from all insurance or other benefits available to him.

Plaintiff urges that his judgment against two tort-feasors should permit recovery of the proceeds of the second uninsured motorist policy, his actual loss exceeding the total limits of both policies. In the states where recovery beyond the minimum statutory limit is permitted, the rationale is that legislative policy dictates that "other insurance" and similar provisions be held void and unenforceable. As heretofore stated, that rationale is not available to us because of T.C.A. § 56–1152. Thus, the legal liability of more than one person for a single tort is immaterial to the issue before the Court in this case and any implication in *Barnette* or *Shoffner* to the contrary is expressly overruled.

The judgment of the Court of Appeals is reversed and the case dismissed. The costs are adjudged against Barry Cummings.

COOPER, HENRY, BROCK and HARBISON, JJ., concur.