**Kenneth A. and Wanda J. THOMPSON, natural parents and next of kin of Daniel Edgar Thompson, Deceased minor child, [and] Mr. and Mrs. Fred Twitty, Sr., natural parents and next of kin of Fred Twitty, Jr., Deceased minor child, Appellants,**

v.

**James W. PARKER, Anthony Gerald Daniel and Ivan L. York, Appellees.**

Court of Appeals of Tennessee, Western Section, at Nashville.

July 10, 1980.

Application for Permission to Appeal Denied by Supreme Court Oct. 6, 1980.

Mark A. Rassas, Clarksville, for appellants.

W. E. Herod, Nashville, for appellees.

NEARN, Judge.

This case involves the application of the limitation of liability provisions of insurance policies which afford uninsured motorist coverage. The material facts were stipulated by the parties and the matter was considered on motion for summary judgment.

The facts are that plaintiffs are the parents of Fred Twitty, Jr. and Daniel E. Thompson, pedestrians who were struck and killed by an automobile which was owned by Gerald Daniel but operated by James W. Parker. The automobile at the time of the accident was engaged in a drag race with another automobile which was

driven by Ivan L. York. For the purpose of this appeal it is admitted that York, Daniel, and Parker are liable to the plaintiffs and that the amount of liability exceeds $25,000 as to plaintiffs Twitty and $20,000 as to plaintiffs Thompson.

Although James W. Parker was himself uninsured, the owner of the vehicle that Parker was driving had insurance which covered Parker's liability.

No insurance was available to the driver York.

Both Thompson and Twitty were afforded uninsured motorist coverage under separate policies issued by the same insuror, United Services Automobile Association (USAA). In this instance the Thompson policy afforded Thompson $10,000 uninsured motorist coverage while the Twitty policy provided Twitty $15,000 uninsured motorist coverage.

The liability carrier of Parker had $20,000 liability coverage available which was split between the parties so that $10,000 was paid to Thompson and the remaining $10,000 was paid to Twitty. There was no other liability insurance available and, insofar as the issue on appeal is concerned, Parker and Daniel are of no further concern. Since York is admittedly uninsured and no funds have been received from him and no settlement has been made, York is of no further concern to the issue on appeal.

The appellants allege that because the instant case involves not only multiple tortfeasors but also multiple vehicles, the appellee insuror owes Thompson the full $10,000 coverage and owes Twitty the full $15,000 coverage. Appellants insist the presence of the second car, that of York, distinguishes this case from prior precedent involving joint tortfeasors in one vehicle. Thus appellants contend that had both vehicles been insured, appellants would each have had the benefit of two recoveries and thus recovery under their uninsured motorist coverage is not a duplication of benefits already received. Appellee, in reliance upon an exclusion in each policy, insisted that it owed Thompson nothing due to his receipt of $10,000 from Daniel and that it

owed Twitty only the $5,000 difference between his amount of coverage and the $10,000 he received from Daniel. Appellee tendered the $5,000 which it admitted was owed to Twitty. Both parties then moved for summary judgment on the issue of the uninsured motorist coverage.

The Trial Judge ruled in favor of the appellee. Thus a judgment in favor of USAA as to Thompson was entered while a judgment against USAA for $5,000 in favor of Twitty was granted. The plaintiffs then appealed to this Court.

Both insurance policies issued by United Services Automobile Association contain the following provision:

"Limits of Liability:

\* \* \* \* \* \*

"(b) Any amount payable under the terms of this part because of bodily injury sustained in an accident by a person who is an insured under this Part shall be reduced by

(1) all sums paid on account of such bodily injury by or on behalf of (i) the owner or operator of the uninsured automobile and (ii) any other person or organization jointly or severally liable together with such owner or operator for such bodily injury including all sums paid under Coverage A [bodily injury liability coverage], . . . . "

Counsel for appellants cite in their brief the principal reported cases of this jurisdiction relative to exclusions and "other insurance" provisions of uninsured motorist coverage in conjunction with our state statutes (T.C.A. §§ 56-7-1201 to 1206) regarding uninsured motorist insurance policies. In order of their appearance on the legal scene those cases are: *State Farm Mutual Automobile Insur. Co. v. Barnette* (1972 Tenn.) 485 S.W.2d 545; *Terry v. Aetna Casualty & Surety* (1974 Tenn.) 510 S.W.2d 509; and *State Automobile Mutual Insur. Co. v. Cummings* (1975 Tenn.) 519 S.W.2d 773.

Counsel seeks to distinguish the instant case from that of *State Automobile Mutual Insur. Co. v. Cummings*, supra, on the theories that (a) the language of *Cummings*,

which overruled prior decisions to the contrary, was dicta or (b) the instant case involves two tortiously operated vehicles and two tortfeasors.

If the words of the Supreme Court, found in *Cummings* at 519 S.W.2d at 775, that "the legal liability of more than one person for a single tort is immaterial to the issue before the Court in this case and any implication in *Barnette* or *Shoffner* to the contrary is expressly overruled," are to be construed as "dicta", the words are too strong for this intermediate appellate court to weaken by such appellation and we therefore leave that prerogative to the Supreme Court. We do not treat this verbiage as "dicta" but treat it as the "law".

We understand *Cummings* to mean that the uninsured motorist insurance statutes of this state provide less than broad coverage since the legislature had permitted uninsured motorist policies to be written so as to "include such terms, exclusions, limitations, conditions, and offsets, which are designed to avoid duplication of insurance and other benefits." (T.C.A. § 56–7–1205). We further understand *Cummings* to mean that the legal liability of more than one tortfeasor or the involvement of multiple vehicles in one tortious event or accident is immaterial as to the interpretation of exclusions, permitted by T.C.A. § 56–7–1205, which allow an insuror by contract to reduce its liability by any sums paid to its insured by other parties jointly or severally liable to the insured.

In addition we observe uninsured motorist insurance does not actually insure the uninsured motorist. It insures the insured and assures him of some recovery when the other parties do not have liability insurance. The statute, T.C.A. § 56–7–1205, permits the insuror, by contract, to offset its liability to the insured by whatever amount of money from whatever source the insured may receive it, if the money from the outside source would be a duplication of the amount agreed to be paid by the insuror. See also *Hill v. Nationwide Mutual Insur. Co.* (1976 Tenn.) 535 S.W.2d 327.

Accordingly, the issue is found in favor of appellee and the judgment of the Trial Judge is affirmed. Costs of appeal are adjudged against appellants and sureties.

Done at Nashville in the two hundred and fourth year of our Independence and in the one hundred and eighty–fifth year of our Statehood.

MATHERNE and SUMMERS, JJ., concur.