Linda G. POPER, By Husband and Conservator, Thomas C. POPER

v.

Joseph E. ROLLINS, et al.

Supreme Court of Tennessee, at Jackson.

Nov. 26, 2002.

Berry Cooper, Memphis, Tennessee, for the appellant, Thomas C. Poper.

Nathan W. Kellum, Memphis, Tennessee, and R. Layne Holley, Memphis, Tennessee, for the appellee, Farmers Mutual Insurance Exchange.

## OPINION

E. RILEY ANDERSON, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J. and ADOLPHO A. BIRCH, Jr., JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

We granted this appeal to determine whether the doctrine of comparative fault affects the application of Tenn.Code Ann. § 56–7–1201(d). The statute establishes that the limit of liability for an insurer providing uninsured motorist coverage is the amount of the insurance policy coverage less the sum of the limits collectible under all other liability and primary uninsured motorist insurance policies, bonds, and securities. The trial court found that the statute operates as a liability "cap" for uninsured motorist insurance coverage by offsetting the amounts of all other liability insurance limits collected with respect to the injury or death and that the doctrine of comparative fault does not affect the application of the statute. The Court of Appeals affirmed this finding, holding that the statute clearly limits the liability for uninsured motorist coverage by allowing the offsets described by the trial court. After reviewing the record and applicable authority, we hold that Tenn.Code. Ann. § 56–7–1201(d) unambiguously allows an uninsured motorist insurance carrier to limit its liability by offsetting all other insurance payments, bonds, and securities applicable to the injury or death in question and that Tennessee's comparative fault doctrine does not affect the application of the statute. We therefore affirm the Court of Appeals' judgment.

## BACKGROUND

In January of 1996, Linda Poper died from injuries sustained seventeen months earlier in a multi-vehicle accident in Memphis, Tennessee. Her husband, Thomas C. Poper, filed suits against the drivers of the vehicles for wrongful death and a suit against the manufacturer of his wife's vehicle, General Motors Corporation, for products liability. Poper later settled all the suits but one for a total of $530,000, including $400,000 from General Motors.

The remaining defendant, Joseph Rollins, had a liability limit of $10,000 under his insurance policy, and his insurer offered to settle for the full policy amount. Poper declined the settlement offer and instead filed suit against his uninsured motorist insurance carrier, Farmers Mutual Exchange Insurance ("Farmers"), alleging that Farmers was liable for the amount by which its limits on uninsured motorist liability ($100,000) exceeded the limits of liability under Rollins' insurance policy ($10,000). Farmers denied liability, asserting that the total amounts Poper collected in his settlements with the other defendants ($530,000) exceeded the $100,000 limit of his policy and that it was entitled to an offset.

At trial, Farmers moved for summary judgment under Tenn.Code Ann. § 56–7–1201(d), which states:

> The limit of liability for an insurer providing uninsured motorist coverage under this section is the amount of that coverage as specified in the policy less the sum of the limits collectible under *all* liability and/or primary uninsured motorist insurance policies, bonds, and securities applicable to the bodily injury or death of the insured.

(emphasis added). Pursuant to this statute, Farmers argued that it was entitled to credit for the total amount of settlement money paid to Poper by all of the defendants and accordingly, it was not responsible for paying any of Poper's claim. The trial court granted summary judgment in favor of Farmers.

On appeal, the Court of Appeals concluded that under Tenn.Code Ann. § 56–7–

1201(d), the *total* settlement recovery received by Poper could be used to offset Farmers' liability under the uninsured motorist policy. The trial court's judgment was therefore affirmed.

We granted Poper's application for permission to appeal.

## ANALYSIS

In his appeal to this Court, Poper argues that Farmers should be liable for any loss within the limits of its uninsured motorist policy not covered by the liability insurance policy of the remaining defendant, Joseph Rollins. Poper contends that Rollins's automobile squarely fits within the policy's definition of "uninsured motor vehicle" and that the policy phrase "to which"[1] means that only insurance applicable to Rollins's car can be credited to offset the coverage provided by Poper's uninsured motorist policy. In addition, Poper contends that the uninsured motorist policy must be construed in light of the system of comparative fault adopted in *McIntyre v. Balentine*, 833 S.W.2d 52 (Tenn.1992), under which each tortfeasor is liable for only his own percentage of fault. In sum, Poper argues that Farmers should not be able to offset its liability by the sums collected from other defendants.

Farmers responds that the terms of the uninsured motorist policy, as well as Tenn. Code Ann. § 56–7–1201(d), allow it to cap its liability by offsetting the amounts of *any* insurance recoveries covering the applicable injury or death. Farmers also argues that the Court of Appeals correctly determined that the plain language of the statute was not affected by the principles of comparative fault adopted in *McIntyre*.

We begin our analysis by reviewing principles of statutory construction. It is a well-settled principle that this Court's role in construing statutes is "to ascertain and give effect to" the legislative purpose without unduly restricting or expanding a statute's coverage beyond its intended scope. *Mooney v. Sneed*, 30 S.W.3d 304, 306 (Tenn.2000). " 'The legislative intent and purpose are to be ascertained primarily from the natural and ordinary meaning of the statutory language, without a forced or subtle interpretation that would limit or extend the statute's application.' " *Id.* (quoting *State v. Blackstock*, 19 S.W.3d 200, 210 (Tenn.2000)). Courts are not authorized to alter or amend a statute and must " 'presume that a legislature says in a statute what it means and means in a statute what it says there.' " *Id.* at 307 (quoting *Gleaves v. Checker Cab Transit Corp.*, 15 S.W.3d 799, 803 (Tenn.2000)). Further, the construction of a statute is a question of law subject to *de novo* review without a presumption of correctness. *Ivey v. Trans Global Gas & Oil*, 3 S.W.3d 441, 446 (Tenn.999).

With these principles in mind, we turn again to the statutory language under review in this case. It provides:

> The limit of liability for an insurer providing uninsured motorist coverage under this section is the amount of that coverage as specified in the policy less the sum of the limits collectible under *all* liability and/or primary uninsured motorist insurance policies, bonds, and securities applicable to the bodily injury or death of the insured.

Tenn.Code Ann. § 56–7–1201(d) (2000) (emphasis added).

---

**1.** The policy further defines an uninsured motor vehicle as one "[t]o which the sum of all limits of liability available to the insured person under all valid and collectible insurance policies ... applicable to the bodily injury ... is less than the applicable limits shown in the declarations for uninsured motorists coverage against which the claim is made."

In our view, the language of Tenn.Code Ann. § 56–7–1201(d) unambiguously allows an uninsured motorist insurance carrier to limit its liability by offsetting "*all* liability and/or primary uninsured motorist insurance policies, bonds, and securities applicable to the bodily injury or death of the insured." *Id.* (emphasis added). The settlements Poper received in this case total $530,000, which exceeds the $100,000 liability limit of Poper's uninsured motorist policy with Farmers. Thus, Farmers would have no liability under the clear language of Tenn.Code Ann. § 56–7–1201(d).[2]

Similarly, contrary to Poper's argument, Farmers would have no liability under the language of the uninsured motorist policy. Indeed, the policy closely mirrors the statute by defining an "uninsured motor vehicle" as one:

> [t]o which the sum of all limits of liability available to the insured person under all valid and collectible insurance policies, bonds, and securities applicable to the bodily injury ... is less than the applicable limits shown in the declarations for uninsured motorists coverage against which the claim is made.

In other words, Farmers will pay its insured for damages caused by an uninsured motorist only to the extent that the insured's *total* recoveries with respect to a given injury do not exceed the limits of the policy. Because Poper's total recovery ($530,000) exceeds the limits of his uninsured motorist policy ($100,000), Farmers would have no liability.

Poper nonetheless argues that this interpretation of the statute conflicts with this Court's comparative fault jurisprudence as adopted in *McIntyre v. Balentine* and its progeny. Specifically, he contends that our elimination of joint and several liability precludes Farmers from using the payments of the other defendants to offset its liability.[3]

The Court of Appeals declined to accept Poper's position and instead held that this Court's abolition of joint and several liability did not affect the clear statutory language of § 56–7–1201(d). The appeals court relied on the language of *Erwin v. Rose*, 980 S.W.2d 203 (Tenn.Ct.App.1998), which said:

> While *McIntyre v. Balentine* did abolish joint liability, we do not think it changed the statutes that govern uninsured-underinsured motorist insurance or the private contract policy provisions that have been consistently construed to give

---

**2.** We note that after the commencement of this case, the General Assembly in 1999 amended the uninsured motorist statute to provide as follows:

> [t]he uninsured motorist insurance carrier shall be entitled to credit for the total amount of damages collected by the insured from all parties alleged to be liable for the bodily injury or death of the insured whether obtained by settlement or judgment and whether characterized as compensatory or punitive damages.

Tenn.Code Ann. § 56–7–1206(i) (2000). In our view, the former statute is unambiguous and applies to settlements or judgments. Accordingly, we do not rely upon the amendment for our holding in this case.

**3.** For support, Poper cites *Sherer v. Linginfelter*, 29 S.W.3d 451 (Tenn.2000), in which we held that the principles of comparative fault limit an insurance company's subrogation rights under Tenn.Code Ann. § 56–7–1204(a) to "the injuries for which the insurer has made payment." *Sherer*, 29 S.W.3d at 455. We find Poper's reference to *Sherer* unpersuasive because Tenn.Code Ann. § 56–7–1204(a) only applies "*in the event of payment* to any person under the coverage required by this part...." Tenn.Code Ann. § 56–7–1204(a) (emphasis added). In the case before us, the uninsured motor carrier, Farmers, never made a payment and was not required to do so for reasons discussed in this opinion. As such, Tenn.Code Ann. § 56–7–1204(a) and the analysis in *Sherer* are inapplicable.

the insurance company the credit it seeks in this case.

*Id.* at 207.

Although this Court has never specifically addressed the effect of *McIntyre* upon statutes governing uninsured/underinsured motorist insurance, we agree with the Court of Appeals' conclusion that the elimination of joint and several liability under *McIntyre* does not modify the specific language of or alter the meaning of Tenn. Code Ann. § 56–7–1201(d) for the following reasons.

In *McIntyre,* we adopted a modified system of comparative fault by which a plaintiff could recover damages if the plaintiff's negligence was less than that of the defendant. We concluded that the adoption of comparative fault eliminated the doctrine of joint and several liability and thereby created a system in which each defendant is liable for only the percentage of damages caused by that defendant's negligence. *McIntyre,* 833 S.W.2d at 56–58.

Our decision in *McIntyre* did not address the specific provisions of Tennessee's uninsured motorist statute. Prior to the adoption of comparative fault, however, we construed Tennessee's uninsured motorist statute in *Terry v. Aetna Casualty and Surety Co.,* 510 S.W.2d 509 (Tenn.1974), and *State Auto. Mutual Insurance Co. v. Cummings,* 519 S.W.2d 773 (Tenn.1975). In *Terry,* this Court discussed the two general types of uninsured motorist statutes—those providing broad coverage and those providing only limited coverage. In a "broad coverage" jurisdiction, the insured plaintiff may recover up to the policy limits so long as the sum of plaintiff's recovery under the uninsured motorist coverage and any other payments do not exceed the insured's actual damages. Such coverage does not allow offsets which limit the insured plaintiff's full damage recovery. In contrast, a "limited coverage" jurisdiction allows the insured plaintiff to collect damages only up to a statutory minimum notwithstanding the actual damages. In such a jurisdiction, *all* sums collected can be credited towards reaching the statutory minimum. *Terry,* 510 S.W.2d at 513. We found that Tennessee's statute falls within the limited coverage category and held that the specific purpose of the statute is "to provide an insured a right of recovery under the uninsured motorist provisions of his policy only up to the statutory required minimum...." *Id.*

In *Cummings,* this Court extended the principles established in *Terry* to a multiple tortfeasor situation very similar to the present case. In *Cummings,* the plaintiff obtained a money judgment against two tortfeasors—the driver and the owner of an uninsured motor vehicle—for negligence. The plaintiff received a recovery from the insurance carrier for the driver and then sought, unsuccessfully, to collect from his own uninsured motorist carrier. Like Poper, the plaintiff in *Cummings* argued that he was entitled to receive the benefits from his insurer because the suit involved multiple tortfeasors and further, that the amount received from the one tortfeasor did not apply to the other tortfeasor. *Cummings,* 519 S.W.2d at 773–75. We held that "nothing in the uninsured motorist statutes is to be construed as requiring coverage beyond the sum of [the statutory minimum] either alone or in combination with similar coverage...." *Cummings,* 519 S.W.2d at 775. We also held that, with respect to the uninsured motorist statute, "the legal liability of more than one person for a single tort is *immaterial*...." *Id.* (emphasis added).[4]

---

4. In *Thompson v. Parker,* 606 S.W.2d 538 (Tenn.Ct.App.1980), the Tennessee Court of Appeals also concluded that the involvement of multiple tortfeasors does not affect the

Accordingly, Poper's argument that Tenn.Code Ann. § 56–7–1201(d) provides broad coverage for the insured and that adherence to *McIntyre* requires that he receive payments up to his actual damages even if the total exceeds the statutory minimum, conflicts with the limited language of the statute and its narrow purpose as described in *Terry* and reinforced in *Cummings*. We therefore conclude that Tenn.Code Ann. § 56–7–1201(d) is not affected by the principles of comparative fault outlined in *McIntyre*.

### CONCLUSION

After reviewing the record and applicable authority, we hold that Tenn.Code. Ann. § 56–7–1201(d) unambiguously allows an uninsured motorist insurance carrier to limit its liability by offsetting all other insurance payments, bonds, and securities applicable to the injury or death in question and that Tennessee's comparative fault doctrine does not affect the application of the statute. We therefore affirm the Court of Appeals' judgment. Costs of appeal are taxed to the appellant.

straightforward application of the uninsured motorist statute.