# IN THE COURT OF APPEALS OF TENNESSEE
# AT NASHVILLE
May 11, 2010 Session

## SHEILA BROWN v. RICO ROLAND

### Appeal from the Circuit Court for Davidson County
### No. 08C-2927      Thomas Brothers, Judge

_____

### No. M2009-01885-COA-R3-CV - Filed September 23, 2010

_____

The matters at issue pertain to the rights and responsibilities of the parties under the underinsured motorist provisions of Plaintiff's automobile insurance. Plaintiff, who was involved in a vehicular accident with another motorist, commenced this personal injury action to recover an amount "under $25,000." The only named defendant is the tortfeasor, however, State Farm is an unnamed party. This is due to the fact that Plaintiff served timely and proper notice on State Farm of the commencement of this action and that she was asserting an underinsured coverage claim pursuant to Tenn. Code Ann. § 56-7-1206. Plaintiff subsequently entered into a settlement agreement with the tortfeasor for the tortfeasor's policy limits of $25,000, at which time she properly served notice on State Farm of the proposed settlement and her willingness to enter into binding arbitration with State Farm to settle her claim for underinsured motorist benefits. Thereafter, State Farm filed a motion to dismiss the underinsured claim against it claiming Plaintiff was made whole when she agreed to a settlement with the tortfeasor in an amount in excess of her *ad damnum* and therefore there was no claim to arbitrate. The court granted the motion to dismiss and Plaintiff appealed. We have determined the trial court did not err in granting State Farm's motion to dismiss the claim against it because Plaintiff sought to recover a judgment in an amount *under* $25,000 from the tortfeasor and/or State Farm, and Plaintiff settled her claim against the tortfeasor for an amount in excess of the *ad damnum*. Accordingly, we affirm the dismissal of State Farm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and ANDY D. BENNETT, J., joined.

Eric Beasley, Goodlettsville, Tennessee, for the appellant, Sheila Brown.

David J. White, Jr., Nashville, Tennessee, for the appellee, State Farm Mutual Automobile Insurance Company.

**OPINION**

Plaintiff, Sheila Brown, was involved in a vehicular accident with Rico Roland on December 1, 2006, in which she sustained personal injuries and property damage. On November 26, 2007, Plaintiff filed a civil warrant in the general sessions court against Roland seeking damages in an amount "under $25,000." Plaintiff also made her automobile insurance carrier, State Farm Insurance Company, an unnamed party defendant to the action by serving notice of the commencement of the action upon State Farm pursuant to Tenn. Code Ann. § 56-7-1206(a). Roland defended the action in general sessions court; State Farm did not make an appearance in the general sessions court proceedings.

Following a hearing on August 21, 2008, the general sessions court dismissed the case. Plaintiff filed a timely appeal to the circuit court. Soon thereafter, an order was entered setting the case for a bench trial in the circuit court on April 14, 2009.

On December 18, 2008, while the case was pending in the circuit court, Roland's insurer made a settlement offer to Plaintiff in the amount of $25,000, the limit of Roland's liability insurance policy. Plaintiff agreed to accept the offer and, in a letter of the same date, notified State Farm that she intended to accept Roland's $25,000 settlement offer. Further, Plaintiff notified State Farm that she agreed to submit her uninsured motorist claim against State Farm to binding arbitration pursuant to Tenn. Code Ann. § 56-7-1206(f). State Farm did not reply to Plaintiff's December 18, 2008 letter.

Three months later, on March 17, 2009, State Farm made its first court appearance by filing a motion to dismiss Plaintiff's claims against it. State Farm asserted, *inter alia*, that it had no exposure to Plaintiff because Plaintiff had entered into a binding settlement agreement to recover $25,000 from the tortfeasor, which was the amount of damages Plaintiff sought to recover in the *ad damnum*.

Plaintiff filed a response opposing State Farm's motion to dismiss and she also filed motions of her own, one of which was to compel State Farm to arbitrate her claim pursuant to Tenn. Code Ann. § 56-7-1206.[1] State Farm filed a response to the motion to compel arbitration, asserting in pertinent part that State Farm had no exposure because Plaintiff agreed to settle her claim against Roland for the damages Plaintiff sought in the *ad damnum*.

---

[1]The other motion was a motion to end discovery.

Following a hearing, the circuit court denied all of Plaintiff's motions and granted State Farm's motion to dismiss. The court dismissed the claim against State Farm upon the finding "the full amount sued for has been tendered and accepted by the plaintiffs [sic], and there's no further exposure to State Farm Insurance" and there are no issues to be submitted to arbitration. The circuit court also found that the *ad damnum* stated in the general sessions warrant of "under $25,000" was binding on the circuit court "until and unless a motion to amend is made to modify that" because Plaintiff had not increased the stated *ad damnum*. An order was entered on April 29, 2009 memorializing this ruling and dismissing State Farm with prejudice.

Plaintiff filed two additional motions on May 1, 2009; a motion to alter or amend the court's order, and a motion to increase the *ad damnum* to $125,000. Both motions were denied by the circuit court.

On June 18, 2009, the tortfeasor, Mr. Roland, filed a motion to enforce the settlement agreement with Plaintiff.[1] The trial court granted Roland's motion to enforce the settlement agreement in an order entered August 7, 2009, which dismissed the action entirely with prejudice. This appeal followed.

## ANALYSIS

Plaintiff raises two issues. She contends the trial court erred by not compelling State Farm to enter into binding arbitration pursuant to Tenn. Code Ann. § 56-7-1206, and she contends the trial court erred in dismissing her claim against State Farm. We shall address each issue in turn.

### UNDERINSURED MOTORIST COVERAGE

The Tennessee General Assembly has mandated that every automobile liability insurance policy issued in this state covering liability arising out of the ownership, maintenance, or use of any motor vehicle designed for use primarily on public roads and registered in this state shall include uninsured and underinsured[2] motorist coverage. *See* Tenn. Code Ann. § 56-7-1201. Tennessee enacted the statutory scheme concerning uninsured

---

[1]Although the settlement agreement had been entered weeks earlier, the settlement had not been concluded; the proceeds had not been remitted to Plaintiff and Plaintiff had not signed a release of her claims against Roland.

[2]Throughout the statute, the term "uninsured" is used; however, the definition of "uninsured motor vehicle" provided at Tenn. Code Ann. § 56-7-1202(a)(1) encompasses a motor vehicle in which the owner is underinsured.

and underinsured motorist in response to public concern over the problems arising from property and personal injury damage caused by financially irresponsible motorists. *Shoffner v. State Farm Mut. Auto. Ins. Co.*, 494 S.W.2d 756, 758 (Tenn. 1972), *overruled on other grounds by State Auto. Mut. Ins. Co. v. Cummings*, 519 S.W.2d 773 (Tenn. 1975). The purpose of this statutory scheme is to provide within fixed limits some recompense to those who receive bodily injury or property damage as a consequence of the actions of an uninsured or underinsured motorist who cannot respond in damages. *Id*.

The provisions that pertain to service of process, actions by insurers, and the methods for entering into arbitration are stated in Tenn. Code Ann. § 56-7-1206(a), which provides:

> Any insured intending to rely on the coverage required by this part shall, if any action is instituted against the owner and operator of an uninsured motor vehicle, serve a copy of the process upon the insurance company issuing the policy in the manner prescribed by law, as though the insurance company were a party defendant. The company shall thereafter have the right to file pleadings and take other action allowable by law in the name of the owner and operator of the uninsured motor vehicle or in its own name; provided, that nothing in this subsection (a) shall prevent the owner or operator from employing counsel of the owner's own choice; and provided, further, that the evidence of service upon the insurance carrier shall not be made a part of the record.

The procedure an insured must follow to settle the claim against the underinsured motorist and to invoke the arbitration provisions against the insurer is as follows:

> (f) Notwithstanding subsection (c),[3] *if a party or parties alleged to be liable* for the bodily injury or death of the insured *offers the limits of all liability insurance policies* available to the party or parties in settlement of the insured's claim, *the insured or the insured's personal representative may accept the offer*, execute a full release of the party or parties on whose behalf the offer is made <u>and</u> *preserve the right to seek additional compensation from the insured's uninsured motorist insurance carrier* upon agreement of the insured or the insured's personal representative to submit the insured's uninsured motorist claim to binding arbitration of all issues of tort liability and damages, *provided*:

---

[3]Tenn. Code Ann. § 56-7-1206(c) provides that an uninsured motorist provision "shall not require arbitration of any claim arising thereunder nor shall the insured be restricted or prevented in any manner from employing legal counsel or instituting legal proceedings."

(1)(A) *The offer must be for the sum of the limits of all liability insurance policies* providing coverage to the party or parties on whose behalf the offer is made *and* in an *aggregate amount that is less than the uninsured motorist coverage applicable to the bodily injury or death of the insured*; or

(B) If, by payments to other injured parties, the limits of all liability insurance policies providing coverage to the party or parties on whose behalf the offer is made have been reduced to an amount that is less than the limits of the insured's uninsured motorist coverage, the offer must be for the total amount of coverage that remains available to the party or parties on whose behalf the offer is made; *and*

(2) If the settlement does not release all parties alleged to be liable to the insured, arbitration of the uninsured motorist claim shall not be conducted until the claims against all such other parties have been fully and finally disposed of by settlement, final judgment or otherwise.

Tenn. Code Ann. § 56-7-1206(f)(1)-(2). To effect a settlement with the underinsured motorist and preserve an underinsured motorist claim against one's own insurer, the statute requires that the following:

(1) Upon request, the insured or the insured's personal representative or attorney shall provide the liability insurance company or companies providing coverage to the party or parties to be released, the name and address of the insurance company or companies providing the insured with uninsured motorist coverage, the policy number or numbers and the limits of uninsured motorist coverage available to the insured;

(2) The liability insurance company or companies providing coverage to the party or parties to be released shall give written notice of the offer to the insured's uninsured motorist insurance carrier or its attorney, provide verification of the coverage upon request and confirm to the uninsured motorist insurance carrier or its attorney that the party or parties to be released will agree in writing to cooperate with the uninsured motorist insurance carrier in connection with the arbitration of the uninsured motorist claim; provided, that the uninsured motorist insurance carrier will agree to waive its subrogation rights against the party or parties to be released;

-5-

(3) The insured or the insured's personal representative or attorney shall give written notice to the uninsured motorist insurance carrier or its attorney of the insured's intent to accept the offer and agreement to submit the uninsured motorist claim to binding arbitration;

(4) After receipt of both of the notices referred to in subdivisions (g)(2) and (3), the uninsured motorist insurance carrier shall have thirty (30) days to give notice to its insured or the insured's personal representative or attorney and the liability insurance carrier or carriers or their attorneys that it consents to the settlement, that it will agree to binding arbitration of the insured's uninsured motorist claim and that it will waive its subrogation rights against the party or parties to be released in exchange for their written agreement to cooperate in connection with the arbitration;

(5) Upon receipt of the notice required by subdivision (g)(4), the insured may proceed to execute a release of the party or parties on whose behalf the offer was made and upon execution of the release, receive payment of the settlement proceeds; and

(6) The notices required by subdivisions (g)(2), (3) and (4) shall be given by certified mail, return receipt requested, or by some other method pursuant to which the sender receives written verification that the notice was received.

Tenn. Code Ann. § 56-7-1206(g)(1)-(6).

Plaintiff dutifully followed the procedures stated in Tenn. Code Ann. § 56-7-1206(g). She filed suit against the underinsured motorist, Rico Roland, and complied with Tenn. Code Ann. § 56-7-1206(a) by serving a copy of the general sessions warrant upon State Farm. When the civil warrant was dismissed in general sessions court, Plaintiff perfected an appeal to the circuit court. Although State Farm did not make an appearance until later, it was an unnamed party to the action and it was aware of the foregoing events.

Following the appeal to the circuit court, Plaintiff and Roland entered into a settlement agreement for $25,000, the limit of his liability insurance policy. In a letter of the same date, Plaintiff sent a registered letter to State Farm, which it received on December 19, 2008, informing State Farm of the settlement, stating that $25,000 was the limit of Roland's policy, and informing State Farm that she intended to accept the settlement offer and release her claim against Roland. The letter further stated:

-6-

Please also let this letter serve as Sheila Brown's WRITTEN NOTICE to her uninsured motorist insurance carrier of her intent to accept Permanent General Insurance's offer of $25,000 policy limit on behalf of its insured, Rico Roland; and Sheila Brown's agreement to submit her uninsured motorist claim to BINDING ARBITRATION pursuant to T.C.A.'s § 56-7-1206.

The letter also summarized the statutory language in Tenn. Code Ann. § 56-7-1206(k), which provides the means in which the insurer can decline to engage in binding arbitration. Thus, Plaintiff complied with the statutory requirements to compel arbitration, assuming there was something to arbitrate with State Farm concerning the injuries and damages she sustained in the vehicular accident with Roland.

This is the point State Farm raised in the trial court, that Plaintiff was made whole because the settlement with Roland was in the amount she sued for, $25,000, and it had no duty to arbitrate a claim that had become moot. We agree.

Because Plaintiff complied with all of the statutory requirements to keep her underinsured claim against State Farm alive, State Farm's exposure to Plaintiff survives the settlement with Roland provided she has made a claim for injuries and damages in an amount in excess of $25,000. This is because Tenn. Code Ann. § 56-7-1206(f) allows an insured to settle with a tortfeasor and "seek additional compensation from the insured's [underinsured] motorist insurance carrier" as long as the insured agrees to submit the underinsured motorist claim to binding arbitration and the settlement offer must be "for the sum of the limits of all liability insurance policies providing coverage to the party . . . on whose behalf the offer is made and *in an aggregate amount that is less than the uninsured motorist coverage applicable to the bodily injury or death of the insured. . . .* Tenn. Code Ann. § 56-7-1206(f)(1)(A).

The foregoing notwithstanding, an uninsured motorist coverage provider is entitled to a "credit for the total amount of damages collected by the insured from all parties alleged to be liable. . . ." *Green v. Johnson*, 249 S.W.3d 313, 319-20 (Tenn. 2008) (quoting Tenn. Code Ann. § 56-7-1206(i) (2000)) (footnote omitted). As our Supreme Court noted in *Green*, the General Assembly has clearly mandated:

The uninsured motorist insurance carrier shall be entitled to credit for the total amount of damages collected by the insured from all parties alleged to be liable for the bodily injury or death of the insured whether obtained by settlement or judgment and whether characterized as compensatory or punitive damages.

*Id*. at 320 (quoting Tenn. Code Ann. § 56-7-1206(i)). Accordingly, State Farm is entitled to offset any amounts Plaintiff received in the settlement with Roland. *See id.* (stating the insurer is clearly and unambiguously allowed to offset any amounts the insured received from a settlement).

We acknowledge Plaintiff's argument that Tenn. Code Ann. § 56-7-1206(h), which addresses the process of arbitration, provides that the arbitrator is first to decide issues of liability and apportionment of fault, and then, the amount of damages sustained by the insured, *see* Tenn. Code Ann. § 56-7-1206(h)(5), and once the damages are determined during arbitration, the insurer is then entitled to a credit for "the total amount of damages collected by the insured from all parties alleged to be liable for the bodily injury or death of the insured." Tenn. Code Ann. § 56-7-1206(i). We, however, find Plaintiff's reliance on this statute misplaced because the statute presumes a claim remains to be arbitrated. There is no remaining claim to be arbitrated here. Had Plaintiff sued for more that $25,000, the amount she received and the limits of Roland's insurance coverage, our conclusion would have been different; but she did not.

Thus, we affirm the trial court's dismissal of the claims against State Farm and the denial of Plaintiff's motion to compel arbitration.

**IN CONCLUSION**

The judgment of the trial court is affirmed and this matter is remanded with costs of appeal assessed against Plaintiff.

_____
FRANK G. CLEMENT, JR., JUDGE

-8-