Thomas B. THAXTON, Jr., etc., et al., Appellants,

v.

The TRAVELERS INDEMNITY COMPANY, Appellee.

Supreme Court of Tennessee.

Sept. 26, 1977.

William P. Ortale, Ortale, Kelley, Herbert & Crawford, Nashville, for appellants.

I. Dyke Tatum, Glasgow, Adams & Taylor, Nashville, for appellee.

## OPINION

BROCK, Justice.

In this action two automobile liability insurance companies seek to recover contribution from a third insurance company which provided uninsured motorist coverage to the victim of the tort committed by their insureds.

Thomas B. Thaxton, Jr., was a passenger in an automobile driven by Cecil David Clark on a trip in connection with the business of Clark's employer, Georgia-Carolina Land Company, when the Clark automobile collided with another vehicle driven by Calvin Mabe, an uninsured motorist. In the accident Thaxton was seriously injured and his driver, Clark, was killed.

Clark was insured against liability by the Georgia Farm Bureau Mutual Insurance Company; his employer, Georgia-Carolina Land Company was insured by Home Indemnity Company of Manchester, New Hampshire; and, Thaxton was insured by the Travelers Indemnity Company, the defendant herein, against damages caused by the negligence of an uninsured motorist, such as Calvin Mabe, the driver of the other vehicle. Thaxton recovered a judgment for damages for personal injuries against the estate of the decedent, Cecil David Clark, the Georgia-Carolina Land Company, Clark's employer, and Calvin Mabe, the uninsured motorist. Under the liability provisions of their respective policies, the Georgia Farm Bureau Mutual Insurance Company, Clark's insurer, and the Home Indemnity Company of Manchester, New Hampshire, the insurer of Clark's employer, satisfied the judgment of $17,500.00. The uninsured motorist, Calvin Mabe, has paid nothing on this judgment.

The instant action was filed by the two liability insurance carriers and their respective insureds, all suing in the name of Thomas B. Thaxton, Jr., the named insured in defendant Travelers policy seeking to require Travelers to make "contribution" toward the $17,500.00 judgment under its contract to insure Thaxton against damages caused by the negligence of an uninsured motorist. Travelers filed a motion for summary judgment which was granted by the trial court and the complaint dismissed.

Both in this Court and in the trial court the parties have presented this case as if the issue presented were whether or not Travelers was entitled under the uninsured motorist statute, T.C.A., § 56–1152, to insist upon the "other insurance" clause of its policy and thus escape liability upon the ground that its uninsured motorist coverage was only excess insurance. Thus, the parties have exhaustively discussed decisions of this Court dealing with that problem, e. g., *State Farm v. Barnette,* Tenn., 485 S.W.2d 545 (1972); Shoffner v. State Farm Insurance Company, Tenn., 494 S.W.2d 756 (1972); *Terry v. Aetna Casualty and Surety Company,* Tenn., 510 S.W.2d 509 (1974); *State Automobile Mutual Insurance Company v. Cummings,* Tenn., 519 S.W.2d 773 (1975). However, as we see the case, the fundamental, indeed the crucial, issue is whether or not the plaintiff liability insurers have any right of action at all against Travelers as the uninsured motorist carrier for the tort victim, Thaxton. We hold that they do not have such a right.

The plaintiff insurance companies have no privity of contract with the insured, Thaxton, upon which to base a right of action on the policy. Therefore, they cannot stand in the shoes of Thaxton and assert his rights under the Travelers policy to

protection from loss due to negligence of the uninsured motorist, Mabe. Neither are the plaintiff insurance companies subrogated to any right of contribution against Travelers. They have none because their insureds, Clark and Georgia-Carolina Land Company, have none against Thaxton. Plaintiffs do have a right of contribution against Mabe, but Travelers has not insured Mabe's liability; instead, it has insured Thaxton against loss caused by Mabe's negligence.

Moreover, the language of our uninsured motorist statute, T.C.A., § 56–1148, does not require a contrary conclusion. The statute only requires coverage:

". . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom . . . ."

The insurance required by the statute is for the loss suffered by the insured, not the liability incurred by the uninsured motorist.

The conclusions which we have reached are supported by the decision of the Supreme Court of Appeals of Virginia in *Bobbitt v. Shelby Mutual Insurance Company of Shelby, Ohio,* 209 Va. 37, 161 S.E.2d 671 (1968). The precise question determined in that case was somewhat different from the one which we have determined in the case at bar and was stated by the court as follows:

"The question for decision in this case is whether an automobile collision insurance carrier, which has paid a loss sustained by its insured and caused by the negligence of an uninsured motorist, can recover the amount so paid from its insured's automobile liability insurance carrier under the uninsured motorist endorsement in the latter's policy."

The court answered the question in the negative, and, in the course of the opinion, said:

"As a general rule, an insurer of an automobile against collision, which pays to its insured the amount of his damage, is subrogated to its insured's right of action against third persons who may be responsible for the loss. [Citations omitted.] "However, as this court stated in *Horne v. Superior Life Insurance Company,* 203 Va. 282, 285, 123 S.E.2d 401, 404:

'. . . It is not the purpose of the uninsured motorist law to provide coverage for the uninsured vehicle, but its object is to afford the insured additional protection in the event of an accident. Here, [the uninsured motorist carrier] does not stand in the shoes of . . . the uninsured motorist. Its policy does not insure [the uninsured motorist] against liability. It insures [the insured] . . . against inadequate compensation.' See also *General Accident Fire & Life Assurance Corporation v. Aetna,* 208 Va. 467, 473–74, 158 S.E.2d 750, 754, and cases there cited.

"The uninsured motorist Rodwell is the person responsible for the loss, and Shelby Mutual does not stand in his shoes. "By contract Bobbitt obtained the coverage provided by both Motors Insurance and Shelby Mutual. Motors Insurance paid his loss according to its contract. It now seeks to shift the burden of that loss to another of his insurers.

    \*    \*    \*    \*    \*    \*

"No provision of the Uninsured Motorist Act specifically gives a collision carrier a right of subrogation against its insured's uninsured motorist carrier, and nothing in the Uninsured Motorist Act indicates that the legislature intended subrogation in such a situation."

Accord: *Motors Insurance Corporation v. Surety Insurance Company,* 243 S.C. 387, 134 S.E.2d 631 (1964).

The South Carolina court in *Motors Insurance Corporation v. Surety Insurance Company, supra,* said:

"[The collision carrier] is voluntarily engaged in the business of writing collision insurance on automobiles, for which it receives compensation by the collection of premiums from its policyholders. A cov-

ered loss occurred and [the collision carrier] has discharged its contractual obligation by payment to its insured. Having paid what it contracted to pay and retaining the benefits of its contract, it now seeks indemnity from another insurance company which did not cause or contribute to the loss and with which it has no privity contract." 134 S.E.2d at 632. In our opinion the analysis by the Virginia and South Carolina courts of the nature and function of uninsured motorist coverage is correct and we concur in it.

In our opinion, the decree of the Chancery Court granting the motion for summary judgment filed by Travelers was correct and it is affirmed. Costs of this appeal are adjudged against appellants and sureties.

COOPER, C. J., and FONES, HENRY and HARBISON, JJ., concur.