Linda M. HEAFNER, Walter L. Heafner,
and Tricia L. Heafner, a minor, etc.,
Plaintiffs-Appellants,

v.

SAFECO NATIONAL INSURANCE
COMPANY OF AMERICA,
Defendant-Respondent,

Lorra Ann Cox and Donald
Shy, Defendants.

No. 43042.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 10, 1981.

Stephen H. Ringkamp, St. Louis, for plaintiffs-appellants.

Daniel T. Rabbitt, Jr., Gary E. Snodgrass, James E. Godfrey, St. Louis, for defendant-respondent.

CRIST, Presiding Judge.

Civil action in which plaintiffs Linda M. Heafner and Tricia L. Heafner, a minor, sought redress for personal injuries occasioned by an August 27, 1978, automobile collision which occurred in St. Louis County, Missouri. Walter L. Heafner was joined as a party plaintiff for loss of consortium of his wife and services of his daughter. Defendants are Lorra Ann Cox, the operator of the vehicle which struck plaintiffs' car; Donald Shy, the owner of the offending vehicle; and, Safeco Insurance Company, by whom plaintiffs were insured.

At the time of the accident, defendant Cox was fourteen years old, unlicensed and insured only by virtue of an automobile liability insurance policy issued to her parents by Allstate. Defendant Shy, an emancipated nineteen year old, carried no insurance whatsoever on his automobile. Plaintiffs alleged that defendant Shy negligently entrusted his vehicle to defendant Cox,

whom he knew to be unlicensed and inexperienced in the operation of motor vehicles, and that defendant Cox, in turn, operated the vehicle in a predictably negligent manner.

Plaintiffs' petition was in seven counts, the last four of which form the basis of this appeal. Counts IV through VI, inclusive, sought recovery from Safeco for each plaintiff pursuant to the uninsured motor vehicle provisions of its policy of insurance previously issued to plaintiff on the grounds of the negligent entrustment by uninsured defendant Shy of his uninsured vehicle. Count VII sought a declaratory judgment against Safeco in favor of *all* plaintiffs and specifically sought the trial court's declaration that: (1) Defendant Shy was an "uninsured motorist" and his vehicle an "uninsured vehicle" within the meaning of the Safeco policy and § 379.203, RSMo. 1978; (2) Plaintiffs were covered by the uninsured motor vehicle provisions of the Safeco policy with respect to defendant Shy's negligent entrustment; (3) Plaintiffs' uninsured motor vehicle coverage limits could be "stacked" because Safeco's policy covered two vehicles; and, (4) Defendant Safeco cannot eliminate, limit or reduce the uninsured motor vehicle coverage (or the amount thereof) under its policy with respect to defendant Shy's negligent entrustment by virtue of the existence of coverage afforded defendant Cox by Allstate for her negligent operation of Shy's vehicle *nor* by virtue of any amounts paid or payable under the Allstate policy.

At this juncture, we note that in response to defendant Safeco's request for admissions, defendant Cox and her insurer Allstate, admitted liability for her negligent operation of Shy's vehicle but denied liability concerning defendant Shy and his negligent entrustment or for the vehicle itself. Neither defendant Shy nor his vehicle is covered by any policy of automobile liability insurance.

Defendant Safeco filed a written motion for summary judgment as to those counts of plaintiffs' petition which sought application of the uninsured motor vehicle provisions contained in its insurance policy issued to plaintiffs (Counts IV through VI, inclusive) and later orally amended its motion to further include Count VII. Safeco's motion was predicated upon the proposition that because plaintiff Cox was insured by Allstate for her negligent operation of defendant Shy's vehicle, plaintiffs were not entitled, as a matter of law, to recover under the uninsured motor vehicle coverage of Safeco's policy with respect to Shy's negligent entrustment of his vehicle to Cox. The trial court sustained the motion, designated its order final (Rule 81.06) and plaintiffs appeal.

The sole issue on appeal is whether the availability of personal liability insurance for the negligence of an operator forecloses availability of uninsured motor vehicle coverage concerning the owner's negligent entrustment. Stated another way, was the offending automobile an "uninsured motor vehicle" so as to invoke application of the uninsured motor vehicle protection afforded by the Safeco policy with respect to the negligence of the owner? This issue is apparently one of first impression in this state and has been well briefed by both parties. For reasons hereinafter noted, this court has determined that the uninsured motor vehicle provisions of the Safeco policy are applicable and that the vehicle in question was "uninsured" within the meaning of § 379.203, RSMo. 1978 and the Safeco policy.

Section 379.203, RSMo. 1978 provides, in pertinent part, that:

No automobile liability insurance ... shall be delivered ... in this state unless coverage is provided therein ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles ....

The uninsured motor vehicle provisions of the Safeco policy define uninsured motor vehicles as:

... (a) an automobile ... with respect to the ownership, maintenance or use of which there is no bodily injury liability ... insurance ... applicable at the time

of the accident with respect to any person . . . legally responsible for the use of such automobile.

Plaintiffs aver that because the owner of the automobile now in question was liable for its negligent use, and the owner had no liability insurance applicable to this use, the automobile was "uninsured" and the above-mentioned uninsured motorist clause applies in favor of the policyholder. We are constrained to agree.

We are confronted with a situation where there were two responsible parties, one of whom was entirely uninsured and the other, under-insured. Courts of other states which have been called upon to construe similar statutes and like policy provisions, have drawn opposing conclusions. See *Allstate Insurance Co. v. Chastain*, 251 So.2d 354 (Fla.App.1971) and *Stordhal v. Government Employees Insurance Co.*, 564 P.2d 63 (Alaska 1977) which exemplify these conflicting views.

We remain persuaded by defendant Safeco's argument that the purpose behind § 379.203, RSMo. 1978, is to afford the same protection to a party injured by an uninsured motorist as would be available if the offending vehicle was covered by a standard liability insurance policy. However, our Missouri Supreme Court has recognized and recently reaffirmed that § 379.203, RSMo. 1978, is an "uninsured motor *vehicle*" statute, not an "uninsured *motorist*" statute. *Harrison v. MFA Mutual Insurance Co.*, 607 S.W.2d 137 (Mo. banc 1980). Also, see *Miles v. State Farm Mutual Automobile Insurance Co.*, 519 S.W.2d 378 (Mo. App.1975). We have, therefore, determined that because defendant Shy owned the automobile, and carried no insurance on same as protection against his negligent acts concerning such ownership, there existed no automobile liability insurance policy which insured this vehicle.

Judgment reversed and cause remanded for further proceedings consistent with this opinion.

REINHARD and SNYDER, JJ., concur.