**AUTOMOBILE CLUB INTER–INSUR-ANCE EXCHANGE, By and Through, CLUB EXCHANGE CORPORATION, its Attorney-in-Fact, Appellant,**

v.

**FARMERS INSURANCE COMPANY, INC., Respondent.**

**No. 44642.**

Missouri Court of Appeals, Eastern District, Division One.

Dec. 14, 1982.

Motion for Rehearing/Transfer to Supreme Court Denied Feb. 10, 1983.

Application to Transfer Denied March 29, 1983.

Ben Ely, Jr., St. Louis, for appellant.

Daniel Wilke, Clayton, for respondent.

CRANDALL, Judge.

This appeal is taken from the trial court's dismissal of appellant's second amended petition for failure to state a claim upon which relief could be granted. Appellant, Automobile Club Inter-Insurance Exchange, contends the dismissal was erroneous because respondent, Farmers Insurance Company, Inc., the insurer of the injured party, should be required to contribute to the settlement paid by appellant to respondent's insured.

Appellant's petition alleges that on April 1, 1979, appellant's insured, Charles Herron, was involved in an automobile accident with Paul Caldwell, a driver of an uninsured motor vehicle. Carolyn Schieve was a passenger in Caldwell's car and was insured by an uninsured motorist provision in a policy of insurance issued to her father by respondent.

On August 2, 1980, after notifying the respondent, appellant settled Schieve's claim against Herron for $20,000. As part of the settlement, Schieve entered into a covenant not to sue with appellant. Appellant then filed a petition for contribution against respondent which was dismissed by the trial court on respondent's motion.

In reviewing the dismissal of a petition for failure to state a claim, this court must construe the petition in a light favorable to the pleader, accepting all facts pleaded as true and giving the benefit of reasonable

inferences drawn therefrom. *Heitman v. Brown Group, Inc.,* 638 S.W.2d 316, 320 (Mo.App.1982). In the present case, the appellant's petition alleges that the injuries to Schieve were the result of the negligence of both Herron and Caldwell. Appellant's petition further requested the trial court to hear evidence and to determine the proportionate share of the $20,000 settlement owed by respondent. Appellant asserts that the petition stated a cause of action because the appellant is entitled to contribution from the respondent since respondent was liable under its policy to the injured party by reason of the negligence of the uninsured motorist.

The purpose of the uninsured motor vehicle statute, § 379.203(1), RSMo (1978), is to protect the person injured in the same manner as he would be if the offending vehicle had been covered by a standard liability policy. *Heafner v. Safeco National Insurance Company of America,* 613 S.W.2d 478, 480 (Mo.App.1981). The statute was designed to provide coverage to insureds who are injured by drivers of uninsured motor vehicles, *see Harrison v. MFA Mutual Insurance Co.,* 607 S.W.2d 137, 140 (Mo. banc 1980), not to provide liability insurance for the uninsured motorist. Since coverage is provided in the agreement between the insurer and the insured, the right of the injured party to recover from an uninsured motorist carrier is on the contract rather than in tort. *Cobb v. State Security Insurance Co.,* 576 S.W.2d 726, 736 (Mo.banc 1979).[1]

In order for appellant to have a cause of action against respondent for contribution, both parties must be under a common liability. *Stephenson v. McClure,* 606 S.W.2d 208, 212 (Mo.App.1980). Contribution is an equitable duty rather than

contractual and is enforceable where one party is required to pay more than his share of common liability which several persons are obligated to discharge. *Id.*

As a result of the accident Schieve has an action in tort against Caldwell and Herron. Herron has a right of contribution from Caldwell because of the joint tort liability of Herron and Caldwell to the injured party Schieve. *Stephenson v. McClure,* 606 S.W.2d at 211–213. Any rights appellant may have are derived from its insured, Herron. 83 C.J.S., *Subrogation,* § 16, 617–618 (1953). Since Schieve and Herron are not joint tort-feasors, neither Herron nor appellant have a right of contribution against Schieve. *Thaxton v. Travelers Indem. Co.,* 555 S.W.2d 718, 720 (Tenn. 1977). Respondent's duty to Schieve arises solely from its insurance contract because an uninsured motor vehicle was involved. *Cobb v. State Security Insurance Co.,* 576 S.W.2d at 736; § 379.203, RSMo (1978). Schieve's contractual claim against respondent is separate and distinct from her tort claim against Caldwell. *Oates v. Safeco Insurance Company of America,* 583 S.W.2d 713 (Mo.banc 1979). The party against whom contribution is sought must be a tort-feasor, originally liable to the injured party. *Safeway Stores, Inc. v. City of Raytown,* 633 S.W.2d 727, 730 (Mo.banc 1982). Since appellant and respondent are not under a common liability, appellant is not entitled to contribution from respondent.

The order of the trial court sustaining respondent's motion to dismiss appellant's petition is affirmed.

STEPHAN, J., concurs.

STEWART, P.J., not participating.

---

1. Although appellant does not seek to base its *action on the insurance contract,* such an action would not lie because contractual obligations can only be enforced by one who is a party to the contract or in privity with it. *City of Kansas City v. Milrey Dev. Co.,* 600 S.W.2d 660, 664 (Mo.App.1980). Appellant has no privity of contract with the insured upon which to base a right of action on the policy, and therefore would have no right to enforce the contract. *See Thaxton v. Travelers Indem. Co.,* 555 S.W.2d 718 (Tenn.1977).