804 P.2d 784

**William Boyd PARKER and Martha Lynn Parker, husband and wife, Third Party Plaintiffs/Appellants,**

v.

**Leonard David VANELL, Third Party Defendant/Appellee.**

No. 2 CA–CV 90–0082.

Court of Appeals of Arizona, Division 2, Department A.

Sept. 13, 1990.

Review Granted Feb. 20, 1991.

Kern and Wooley by D.L. Greer and Cheryl L. Sivic, Mesa, for third party plaintiffs/appellants.

Vermeire & Turley, P.C. by Joseph B. Swan, Jr., Phoenix, for third party defendant/appellee.

## OPINION

LACAGNINA, Judge.

In this decision we hold that pursuant to the Uniform Contribution Among Tortfeasors Act (UCATA), A.R.S. §§ 12–2501 to 2509, the amount paid by one tortfeasor as consideration for the execution by the injured party of a full settlement and release of all tortfeasors is the only amount in controversy between the tortfeasors in an action for contribution, absent any claim of unreasonableness, fraud or bad faith.

We reverse the judgment of the trial court based upon its erroneous conclusion of law that in an action for contribution, the common liability and amount in controversy includes underinsurance proceeds received by the injured party from her insurance company.

## FACTS

The trial court made the following findings of fact which are relevant to this decision:

1. On February 26, 1984, an automobile collision occurred between vehicles

driven by third-party plaintiff, William Boyd Parker and third-party defendant, Leonard Vanell. The automobile collision occurred at the intersection of U.S. Highway 60 and San Carlos Drive in Globe, Arizona. At the time of the collision, Norma Vanell was a passenger in the vehicle driven by her husband, Leonard Vanell.

\* \* \* \* \* \*

7. As a result of the collision, Norma Vanell sustained serious and permanent injury.

\* \* \* \* \* \*

10. On or about November 7, 1985, Norma Vanell, on her own behalf, filed suit against William and Martha Parker claiming damages for the serious injuries she received as a result of the automobile accident occurring on February 26, 1984. The complaint was answered by William Boyd and Martha Parker and in turn, the Parkers filed a third-party complaint against Leonard Vanell, seeking contribution pursuant to the Uniform Contribution Among Joint Tortfeasors Act, A.R.S. § 12–2501, et seq.

11. After lengthy discovery Mr. Parker's insurance company decided to settle for their policy limits of $100,000. The plaintiff, Norma Vanell also agreed with her insurance carrier, Aetna, to be compensated for the remainder of her damages through her underinsurance motorist coverage in the amount of $65,000.

In addition, the trial court found Parker and Leonard Vanell both negligent and concluded the relative degrees of fault between them to be 65% for Parker and 35% for Leonard Vanell. Parker paid $100,000 to settle Norma Vanell's claim, and she executed a release which provided in part:

WHEREAS the parties desire to settle the Claimant['s] claim and to provide certain payments to Claimant in full settlement and discharge of her claims which are the subject of the litigation, under the terms which follow. The parties further desire to perfect and preserve Respondents' claim for contribution, pursuant to A.R.S. § 12–2501 et seq., by releasing both respondents and Leonard D. Vanell from their common liability.

\* \* \* \* \* \*

2. THIS SETTLEMENT AND RELEASE IS INTENDED TO AND DOES COVER ALL CLAIMANT'S CLAIMS FOR INJURIES AND/OR DAMAGES, WHETHER OR NOT KNOWN TO THE PARTIES AT THE TIME THIS SETTLEMENT AND RELEASE IS EXECUTED, WHICH HAVE RESULTED, MAY HEREAFTER RESULT OR WHICH MAY HAVE BEEN CAUSED OR MAY BE CAUSED OR MAY BE CLAIMED TO HAVE BEEN CAUSED BY THE CERTAIN NEGLIGENT ACTS OR OMISSIONS ALLEGED IN THE LITIGATION.

## CONCLUSIONS OF LAW

Based on the facts found, the trial court made the following conclusions of law:

1. Third-party plaintiff, William Boyd Parker's claim for contribution is based upon A.R.S. § 12–2501 through § 2504.

2. The common liability is based upon the total damages sustained by Norma Vanell, whether paid through settlement or underinsurance motorist proceeds. Norma Vanell's entire damages are valued at $165,000, which the court finds to be the amount in controversy.

\* \* \* \* \* \*

4. That William Boyd Parker's pro rata share of the liability would be $107,250.00. That William Boyd Parker paid $100,000.

5. The original claim has been settled. The remaining claim is Parker's claim against Mr. Vanell. William Boyd Parker has not established by a preponderance of the evidence that he has paid more than his pro rata share of the entire liability.

## COMMON LIABILITY AMONG JOINT TORTFEASORS IS AMOUNT PAID FOR FULL SETTLEMENT AND RELEASE OF ALL TORTFEASORS

Parker's action for contribution from Leonard Vanell is governed by A.R.S.

§§ 12–2501 to 2509. The relevant provisions in this action are:

### § 12–2501. Right to contribution

**A.** Except as otherwise provided in this article, if two or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them.

**B.** The right of contribution exists only in favor of a tortfeasor who has paid more than his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share. No tortfeasor is compelled to make contribution beyond his own pro rata share of the entire liability.

\*     \*     \*     \*     \*     \*

### § 2503. Enforcement

\*     \*     \*     \*     \*     \*

**D.** If there is no judgment for the injury or wrongful death against the tortfeasor seeking contribution, his right of contribution is barred unless he has either:

1. Discharged by payment the common liability within the statute of limitations period applicable to the claimant's right of action against him and has commenced his action for contribution within one year after payment.

Although "common liability" is not defined in the statute, it clearly means the financial obligation which joint tortfeasors have to an injured party. When an injured party sues all tortfeasors and obtains a judgment, the contribution statutes require that the tortfeasors bear proportionate liability for the damages fixed by the final judgment. On the other hand, when there is a full settlement which releases all joint tortfeasors, they are equally obligated to make proportionate contributions to the settlement amount in the absence of any

claim of fraud, unreasonableness or bad faith.

No claim was made in the trial court of fraud, collusion, unreasonableness or bad faith. Having paid $100,000 to obtain a full release of his and Leonard Vanell's liability to Norma Vanell, Parker is entitled to contribution from Leonard Vanell. Parker and Leonard Vanell's only liability to Norma Vanell arose from the accident. Their common liability is fixed by the amount she agreed to accept in full settlement. The trial court could only apportion between the tortfeasors the amount paid in full settlement, and erroneously added to the amount in controversy underinsurance proceeds received by Norma Vanell.[1] We adopt the holding and reasoning of *Mallaney v. Dunaway*, 178 Ill.App.3d 827, 128 Ill.Dec. 26, 533 N.E.2d 1114 (1988), where the court stated:

> It is apparent ... our supreme court understood the 'common liability' to be that amount actually paid by the parties defendant to the injured party pursuant to a good faith settlement in a reasonable amount in exchange for a full release.

\*     \*     \*     \*     \*     \*

> The policy of the Contribution Act is to encourage compromise and settlement in the absence of bad faith, fraud or collusion. . . . This policy is promoted by approving settlements that represent a fair compromise of the parties' interests, even though the dollar amount so given does not accurately represent the injured party's damages.

128 Ill.Dec. at 29, 533 N.E.2d at 1117 (citations omitted). In accord, *see Aetna Casualty & Surety Co. v. Oregon Health Sciences Universal*, 310 Or. 61, 793 P.2d 320 (1990), and *Miller v. Jarrell*, 684 P.2d 954 (Colo.App.1984).

In summary, the common liability of the joint tortfeasors was fixed by the amount paid for the settlement agreement and, there being no other liability to the injured

---

1. We have not found a case which has interpreted the UCATA to include underinsured motorist benefits as part of the tortfeasor's common liability. The trial court confused common liability in tort with the separate contractual liability of Norma Vanell's underinsured motorist coverage. *See Automobile Club Inter–Insurance Exchange v. Farmers Ins. Co.*, 646 S.W.2d 838 at 840 (Mo.App.1982).

party, the court could not in an action for contribution compute pro rata shares upon a different amount.

Reversed and remanded for entry of judgment in favor of Parker and against Leonard Vanell in the amount of $35,000 plus costs.

LIVERMORE, P.J., and HATHAWAY, J., concur.