**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 6, 2012

No. 11-60299
Summary Calendar

Lyle W. Cayce
Clerk

JACQUELYN R. LOWE,

Plaintiff-Appellant

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:09-CV-185

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In this diversity action, Plaintiff-Appellant Jacquelyn Lowe appeals the district court's grant of summary judgment in favor of Defendant-Appellee State Farm Mutual Automobile Insurance Company ("State Farm Mutual"). Finding no errors in the district court's decision, we AFFIRM.

The relevant facts in this case are largely undisputed. In June 2006, Plaintiff-Appellant Lowe and two other individuals were passengers in a vehicle

---

[*] Pursuant to FIFTH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in FIFTH CIR. R. 47.5.4.

No. 11-60299

driven by Betty Waters, one of Lowe's co-workers. While stopped at a traffic light, Waters's vehicle was struck from behind by another vehicle, which was driven by Janet Matthews. As a result of the accident, Plaintiff-Appellant Lowe suffered a variety of injuries.

At the time of the accident, Lowe was a resident of Tennessee; she also owned an automobile registered in Tennessee, over which she obtained insurance coverage from Defendant-Appellee State Farm Mutual. The State Farm Mutual insurance policy was issued to Lowe in Tennessee. The insurance policy provided Lowe with uninsured/underinsured coverage, with a limit of $100,000. In relevant portion, the policy provided that it would not make duplicate payments related to uninsured motorists, limiting coverage for any damages, *inter alia*: "[t]hat have already been paid to or for the insured [ ] by or on behalf of any person or organization who is or may be held legally liable for bodily injury to the insured"; or "that [ ] have already been paid[,] could have been paid[,] or could be paid to or for the insured under any workers' compensation law, disability benefits law, or similar law." Janet Matthews, the other driver, held a liability insurance policy through Progressive. In settlement of Lowe's claims against it, Progressive paid Lowe $23,696.50. Lowe also received $95,722.63 in workers' compensation payments for the injuries she sustained during the accident.[1] In addition to these policies, Geico provided uninsured/underinsured coverage for the vehicle in which Lowe was riding.

Plaintiff-Appellant Lowe filed the instant suit, arguing that she is entitled to additional payment for her injuries from State Farm Mutual based on her insurance policy. State Farm Mutual filed a motion for summary judgment, arguing that Tennessee substantive law should apply to the dispute, and that under Tennessee law it was entitled to offset any available or already received

---

[1] It is undisputed that the accident occurred in the scope of Lowe's employment.

funds against the policy limits.[2]  The district court granted the motion for summary judgment, finding that Tennessee law applied and that Lowe had already received or was entitled to received payment in excess of the limits of the State Farm Mutual policy.  On appeal, Lowe argues that the district court should have applied Mississippi state substantive law to the dispute because the accident occurred in Mississippi, and further, that she can stack the various insurance policies under Mississippi law.[3]

We review a district court's grant of summary judgment de novo, construing all facts and inferences in the light most favorable to the nonmoving party. *Cerda v. 2004-EQR1 L.L.C.*, 612 F.3d 781, 786 (5th Cir. 2010).  Summary judgment is proper only when the movant demonstrates that no genuine issues of material fact exist and that she is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Fed. Ins. Co. v. Ace Prop. & Cas. Co.*, 429 F.3d 120, 122 (5th Cir. 2005).  A choice-of-law determination is reviewed de novo. *Mayo v. Hartford Life Ins. Co.*, 354 F.3d 400, 403 (5th Cir. 2004).

We find no error in the district court's analysis.  A federal court sitting in diversity applies the choice-of-law principles of the forum state.  *Ellis v. Trustmark Builders, Inc.*, 625 F.3d 222, 225 (5th Cir. 2010). Therefore, here, Mississippi choice-of-law rules apply.   Under Mississippi law, we apply the "center of gravity" test, which focuses on "'which state has the most substantial

---

[2] The Plaintiff originally named as defendants Geico, State Farm Mutual, Janet Matthews, and Betty Waters.  Lowe later voluntary dismissed Geico and Betty Waters. Additionally, the district court docket indicates that Matthews was never served and she does not seem to have participated in the action in any way. Thus, State Farm Mutual was the only remaining defendant at the time of the filing of the motion for summary judgment.

[3] In the district court, Plaintiff-Appellant Lowe also argued that State Farm Mutual was judicially estopped from arguing that Tennessee substantive law should apply. Lowe does not, however, raise this argument on appeal and it is, therefore, waived. *See Geiger v. Jowers*, 404 F.3d 371, 373 n.6 (5th Cir. 2005) (stating that although *pro se* briefs are construed liberally, they are not immune from the rule "that issues and arguments not briefed on appeal are abandoned").

No. 11-60299

contacts with the parties and the subject matter of the action.'"  *Williamson Pounders Architects PC v. Tunica Cnty., Miss.*, 597 F.3d 292, 296 (5th Cir. 2010) (quoting *Boardman v. United Servs. Auto Ass'n*, 470 So.2d 1024, 1031 (Miss. 1985)); *Denman v. Snapper Div.*, 131 F.3d 546, 548–49 (5th Cir. 1998).[4]  The district court's conclusion that Tennessee substantive law applies is supported by several decision of the Supreme Court of Mississippi, which reached similar results under facts like those in the instant case.  *See, e.g.*, *Owens v. Miss. Farm Bureau Cas. Ins. Co.*, 910 So.2d 1065, 1069–72 (Miss. 2005) (finding that Tennessee law applies under similar facts); *O'Rourke v. Colonial Ins. Co. of Cal.*, 624 So.2d 84, 85–88 (Miss. 1993) (finding that Tennessee law applies under facts nearly identical to the current suit); *Boardman*, 470 So.2d at 1034 (finding that Nebraska law applies under similar facts, even though accident occurred in Mississippi); *see also Moore v. United Servs. Auto. Ass'n*, 808 F.2d 1147, 1150–51 (5th Cir. 1987) (reaching similar result).  Indeed, almost every relevant fact in this case—aside from the location of the accident—weighs in favor of applying Tennessee substantive law to the dispute.

Under Tennessee law, it is undisputed that an uninsured motorist insurance carrier can limit its liability by offsetting all other insurance payments, including workers' compensation payments, against the policy limits. Tenn. Code Ann. § 56-7-1201(d);[5] *Green v. Johnson*, 249 S.W.3d 313, 317–23

---

[4]  Based on that approach, we consider a number of factors, including:  (1) the place of contracting; (2) the place of negotiation of the contract; (3) the place of performance of the contract; (4) the location of the subject matter of the contract; and (5) the domicile, resident, nationality, place of incorporation, and place of business of the parties.  *Boardman*, 470 So.2d at 1032; *see also Hartford Underwriters Ins. Co. v. Found. Health Servs. Inc.*, 524 F.3d 588, 595 (5th Cir. 2008); *Ingalls Shipbuilding v. Fed. Ins. Co.*, 410 F.3d 214, 230–33 (5th Cir. 2005).

[5] Section 56-7-1201(d) provides:

(d) The limit of liability for an insurer providing uninsured motorist coverage under this section is the amount of that coverage as specified in the policy less the sum of the limits collectible under all liability and/or primary uninsured

No. 11-60299

(Tenn. 2008) (applying § 56-7-1201(d) and stating that it unambiguously allows for an offset of all funds received from "parties alleged to be liable"); *Poper v. Rollins*, 90 S.W.3d 682, 687 (Tenn. 2002) (same). Here, the State Farm Mutual policy at issue unequivocally provided that any payments received or that may be recovered from other sources, including other insurance and workers' compensation payments, would be offset against the policy limits. It is also undisputed that Lowe has already received greater than $100,000 in compensation from other sources. Lowe may not, therefore, recover any additional payments from State Farm Mutual under the uninsured motorist provisions of her policy. *See Green*, 249 S.W.3d at 317 (holding that settlement proceeds can be deducted from the limits of an uninsured motorist policy); *Poper*, 90 S.W.3d at 687 (stating that insurance payments may be offset against limits of uninsured motorist policy); *Sims v. Stewart*, 973 S.W.2d 597, 600–01 (Tenn. Ct. App. 1998) (finding that insurance company could reduce payment by an amount already received from workers' compensation). Finally, when analyzing the application of uninsured motorist coverage provisions, both this Court and the Supreme Court of Mississippi have rejected arguments that the public policy of Mississippi requires the stacking of insurance policies—as is allowed under Mississippi law—to provide for maximum coverage. *See Owens*, 910 So.2d at 1065 (Miss. 2005) (finding that application of Tennessee uninsured motorist law against stacking of coverage did not offend public policy); *O'Rourke*, 624 So.2d

---

motorist insurance policies, bonds, and securities applicable to the bodily injury or death of the insured. With regard to a claim against a governmental unit, political subdivision or agency thereof, the limitations of liability established under applicable law shall be considered as limits collectible under a liability insurance policy.

Tenn. Code. Ann. § 56-7-1201(d).

at 88–89 (same); *Moore*, 808 F.2d at 1152–53 (5th Cir. 1987) (same).[6] We, therefore, find no error in the district court's application of Tennessee substantive law.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[6] The Plaintiff-Appellant also argues that she is entitled to payment from State Farm Mutual under the medical payment coverage provisions of the policy. This argument was not made in the district court and is waived on appeal.