# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### February 15, 2024 Session

## CHRISTOPHER HINDS ET AL. v. PATSY SELMAN OLIVER ET AL.

### Appeal from the Circuit Court for Hamilton County
### No. 19C1257     L. Marie Williams, Judge

---

### No. E2023-00137-COA-R3-CV

---

This case involves a dispute over recovery under the Tennessee uninsured/underinsured motorist statutory scheme. The plaintiffs initiated a lawsuit against the defendant driver and served notice on their own insurance carrier. The plaintiffs also served notice on the insurance carrier covering the borrowed vehicle that the plaintiffs had been utilizing when the accident occurred. The plaintiffs' insurer entered into a settlement with the plaintiffs for $50,000 each, an amount that equaled the policy limit of the uninsured motorist coverage provided in the policy covering the borrowed vehicle. The defendant driver's insurer also entered into a settlement with the plaintiffs, paying them $30,000 each. The uninsured motorist carrier covering the borrowed vehicle filed a motion for summary judgment. Following a hearing, the trial court granted summary judgment in favor of the insurance carrier upon concluding that Tennessee Code Annotated § 56-7-1201(b)(3)(D) and the policy covering the borrowed vehicle limited the plaintiffs' recovery via judgment to an amount no greater than the policy providing the highest limits of uninsured motorist coverage. Plaintiffs have appealed. Discerning no reversible error, we affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which JOHN W. MCCLARTY and KRISTI M. DAVIS, JJ., joined.

John M. Wolfe, Jr., Chattanooga, Tennessee, for the appellants, Christopher Hinds and Stephanie Hinds.[1]

---

[1] Sadly, Mr. Wolfe passed away in September 2023 after the filing of the principal and responsive briefs but before the time had run for filing a reply brief. Although this Court afforded extra time for the appellants to retain substitute counsel, they proceeded *pro se* following Mr. Wolfe's death. The appellants did not file a reply brief or appear for oral argument.

Michael R. Campbell and Hunter A. Campbell, Chattanooga, Tennessee, for the appellee, Tennessee Farmers Mutual Insurance Company.

**OPINION**

## I. Factual and Procedural Background

The automobile accident underlying this action occurred on November 7, 2018, and involved a collision between a Toyota Tacoma pick-up truck ("the Toyota") driven by the co-plaintiff, Christopher Hinds, and a Kia sport utility vehicle ("the Kia") driven by the defendant, Patsy Selman Oliver. Mr. Hinds's wife, co-plaintiff Stephanie Hinds, was a passenger in the Toyota, which was owned by Ms. Hinds's mother, Vicki Joan Teague. Mr. and Ms. Hinds (collectively, "Plaintiffs") filed a complaint in the Hamilton County Circuit Court on November 7, 2019, alleging that Ms. Oliver had caused the accident by running through a red traffic light and striking the Toyota with the Kia as Mr. Hinds was attempting to turn left with a green traffic light onto the Amnicola Highway in Chattanooga. Plaintiffs alleged that Ms. Oliver had committed common law negligence and negligence *per se* for violation of motor vehicle statutes.

According to Plaintiffs, Mr. Hinds incurred injuries that included "a fractured back, lacerated left knee, [and] bleeding facial injuries, all of which required an ambulance, emergency stitching, an immediate neurosurgical consultation, and an eventual lumbar fusion." Ms. Hinds purportedly incurred injuries to her left eye and a "severe blow to her head." Plaintiffs requested a total judgment in the amount of $1,325,000 to be apportioned as $1,125,000 to Mr. Hinds for his injuries and losses; $75,000 to Ms. Hinds for her injuries and losses; and $125,000 to Ms. Hinds for loss of consortium. Plaintiffs also requested a jury trial and awards of attorney's fees and discretionary costs. On January 31, 2020, Ms. Oliver filed an answer, moving for dismissal of the action while admitting that she was "not without fault in causing the subject accident."

Although the summonses accompanying the complaint are not contained in the appellate record, it is undisputed that process was issued and served upon Plaintiffs' uninsured/underinsured ("uninsured") motorist carrier, National Casualty Company ("National Casualty"), and Ms. Teague's uninsured motorist carrier, Tennessee Farmers Mutual Insurance Company ("Tennessee Farmers"), pursuant to Tennessee Code Annotated § 56-7-1206(a) (West August 14, 2008, to current). On February 20, 2020, National Casualty filed an answer, moving to dismiss the action and sever insurance coverage issues from the negligence claims. Subsequently, the trial court entered an agreed order on February 12, 2021, dismissing the complaint with prejudice as it pertained to National Casualty upon announcement of an agreed settlement wherein National Casualty paid a total of $100,000 to Plaintiffs, with $50,000 allotted to each plaintiff.

- 2 -

Tennessee Farmers filed an answer on March 17, 2020, admitting that Ms. Oliver had caused the accident and that Ms. Oliver was guilty of negligence *per se* and common law negligence. While acknowledging that Ms. Teague's policy ("the Teague Policy") included "uninsured motorist coverage in the amount of $50,000 for personal injuries to any one person," Tennessee Farmers denied that Plaintiffs were entitled to recover a judgment under the uninsured motorist statutes. Tennessee Farmers requested dismissal of the action or, in the alternative, maintained that it was entitled to severance at trial of all issues relating to insurance coverage.[2]

On September 24, 2021, Tennessee Farmers filed a motion for summary judgment, asserting that Plaintiffs were "foreclosed from recovery" from Tennessee Farmers by the terms of the Teague Policy and by operation of Tennessee Code Annotated § 56-7-1202 because they had each already received a settlement greater than the maximum afforded under the Teague Policy. Tennessee Farmers averred that Plaintiffs had received a total settlement in the amount of $160,000, including the $100,000 paid by National Casualty and a $60,000 settlement paid to Plaintiffs by Allstate Property and Casualty Insurance Company ("Allstate"), which was Ms. Oliver's liability insurance carrier. Although no settlement documents related to Allstate are in the record, Tennessee Farmers attached to its motion Plaintiffs' individual responses to requests for admissions, which included their respective acknowledgments that they had each received a $30,000 payment from Allstate ($60,000 total) as a settlement of their claim against Ms. Oliver. Tennessee Farmers attached a copy of the Teague Policy, indicating that Ms. Teague's uninsured motorist coverage included a maximum limit of $50,000 per person and $100,000 per accident. Pursuant to Tennessee Rule of Civil Procedure 56, Tennessee Farmers filed a statement of undisputed material facts, and Plaintiffs did not file a response to this statement.

In support of its motion for summary judgment, Tennessee Farmers relied in part on Tennessee Code Annotated § 56-7-1202 (West July 1, 2017, to current), which defines an uninsured motor vehicle. As relevant here, § 56-7-1202(a)(1) provides:

> For the purpose of uninsured motor vehicle coverage, "uninsured motor vehicle" means a motor vehicle whose ownership, maintenance, or use has resulted in the bodily injury, death, or damage to property of an insured, and for which the sum of the limits of liability available to the insured under all valid and collectible insurance policies, bonds, and securities applicable to the bodily injury, death, or damage to property is less than the applicable limits of uninsured motorist coverage provided to the insured under the policy against which the claim is made[.]

---

[2] Tennessee Farmers also filed a crossclaim against Ms. Oliver concomitantly with its answer. The trial court dismissed the crossclaim by agreement in an order entered on August 28, 2020.

- 3 -

Additionally, Tennessee Farmers relied on a provision of the Teague Policy pertaining to uninsured motorist coverage that mirrors the above statutory language and a "Limit of Liability" provision stating: "In no event shall the total amount of recovery from all policies and bonds, including any amount recovered under your Uninsured Motorist Coverage, exceed the limits of your Uninsured Motorist Coverage." Tennessee Farmers asserted that based on the statutory language and the Teague Policy, there was no genuine issue of material fact in dispute and Tennessee Farmers was entitled to judgment as a matter of law.

On December 1, 2021, Plaintiffs filed a response opposing Tennessee Farmers' summary judgment motion. They contended that because Tennessee Farmers was the statutory primary uninsured motorist carrier in this situation, Tennessee Farmers was obligated to pay under the Teague Policy on the Toyota regardless of Plaintiffs' prior settlements with secondary insurance carriers. Plaintiffs relied on Tennessee Code Annotated 56-7-1201(b)(3)(A)-(B), which sets forth priorities of recovery for bodily injury of an insured under uninsured motorist coverage.

Following a hearing, the trial court granted summary judgment in favor of Tennessee Farmers in an order entered on February 10, 2022. The court found that Plaintiffs were precluded from recovering a monetary judgment from Tennessee Farmers by operation of Tennessee Code Annotated § 56-7-1201(b)(3)(D) because they had previously received combined settlements from National Casualty and Allstate totaling more than the policy limit under the Teague Policy. The court further found that the "Limit of Liability" provision in the Teague Policy precluded Plaintiffs' recovery. The court dismissed this action as to Tennessee Farmers but stated that the case "remain[ed] pending for proceedings against [Ms. Oliver]."

The day following entry of the order, Plaintiffs filed a motion to supplement their response to Tennessee Farmers' motion for summary judgment. Tennessee Farmers then filed a "reply" opposing the motion. On February 28, 2022, Plaintiffs filed a motion requesting that the trial court direct entry of a final judgment pursuant to Tennessee Rule of Civil Procedure 54.02. The trial court entered an order on September 13, 2022, granting Plaintiffs' Rule 54.02 motion and certifying its February 2022 summary judgment order as a final judgment.

On October 13, 2022, Plaintiffs filed a Tennessee Rule of Civil Procedure 59.04 motion to alter or amend the judgment, requesting a reversal of the summary judgment. Tennessee Farmers filed a response opposing the motion. Following a hearing, the trial court denied the motion to alter or amend as "not well taken" in an order entered on January 4, 2023. Plaintiffs timely appealed.

- 4 -

## II. Issues Presented

Although Plaintiffs list seven issues in their statement of the issues, they present only one argument section in their brief. Upon review, we determine that Plaintiffs have listed six issues that are essentially sub-issues of their overarching issue. We have restated Plaintiffs' description of this overarching issue slightly as follows:

1. Whether the trial court erred by finding that Plaintiffs' settlement with National Casualty displaced the statutory position of Tennessee Farmers as the primary uninsured motorist carrier.

Similarly, although Tennessee Farmers has set forth four detailed issues in its statement of the issues, we determine that the first three issues are more appropriately considered sub-issues of an overarching issue. We restate Tennessee Farmers' description of its overarching issue as follows:

2. Whether the trial court correctly applied the statutory limitation on recovery of uninsured motorist coverage set forth at Tennessee Code Annotated § 56-7-1201(b)(3)(D) and the Teague Policy limitation on recovery of uninsured motorist coverage to find that Tennessee Farmers was entitled to a set-off for amounts previously paid to Plaintiffs by National Casualty and Allstate.

Additionally, Tennessee Farmers has raised the following issue:

3. Whether Ms. Oliver's vehicle failed to meet the statutory and policy definitions of an uninsured motor vehicle.

## III. Standard of Review

The grant or denial of a motion for summary judgment is a matter of law; therefore, our standard of review is *de novo* with no presumption of correctness. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015); *Dick Broad. Co. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 671 (Tenn. 2013) (citing *Kinsler v. Berkline, LLC*, 320 S.W.3d 796, 799 (Tenn. 2010)). As such, this Court must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye*, 477 S.W.3d at 250. As our Supreme Court has explained concerning the requirements for a movant to prevail on a motion for summary judgment pursuant to Tennessee Rule of Civil Procedure 56:

-5-

[W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record." *Id.* When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03. "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. [574,] 586, 106 S. Ct. 1348, [89 L. Ed. 2d 538 (1986)]. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party. If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Rye*, 477 S.W.3d at 264-65. Pursuant to Tennessee Rule of Civil Procedure 56.04, the trial court must "state the legal grounds upon which the court denies or grants the motion" for summary judgment, and our Supreme Court has instructed that the trial court must state these grounds "before it invites or requests the prevailing party to draft a proposed order."

*See Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 316 (Tenn. 2014). "Whether the nonmoving party is a plaintiff or a defendant—and whether or not the nonmoving party bears the burden of proof at trial on the challenged claim or defense—at the summary judgment stage, '[t]he nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.'" *TWB Architects, Inc. v. The Braxton, LLC*, 578 S.W.3d 879, 889 (Tenn. 2019) (quoting *Rye*, 477 S.W.3d at 265).

## IV. Propriety of Grant of Summary Judgment

We perceive the gravamen of the issues presented by the parties to be whether the trial court erred by granting summary judgment in favor of Tennessee Farmers. Plaintiffs contend that the trial court erred in granting summary judgment because Tennessee Farmers' statutory status as the provider of "primary uninsured motorist coverage" means that Tennessee Farmers cannot offset its liability to Plaintiffs by the amount of payments previously made to Plaintiffs from other insurance carriers. Tennessee Farmers responds that Plaintiffs misapprehend the effect of Tennessee Farmers' primary status under Tennessee Code Annotated § 56-7-1201 (West August 14, 2008, to current). Tennessee Farmers contends that the trial court properly found that under the statutory scheme and the Teague Policy, Plaintiffs' total recovery from all insurance carriers involved was limited to an amount no "greater than the limits of the policy providing the highest limits of uninsured motorist coverage" and that Plaintiffs were thereby precluded from recovering a judgment from Tennessee Farmers. *See* Tenn. Code Ann. § 56-7-1201(b)(3)(D). Upon thorough review of the record and applicable authorities, we agree with Tennessee Farmers and discern no error in the trial court's grant of summary judgment.

This case involves interpretation of the uninsured motorist statutory scheme, which is "purely a question of law." *See Green v. Johnson*, 249 S.W.3d 313, 317 (Tenn. 2008). As our Supreme Court has explained:

When dealing with statutory construction, this Court is "'to ascertain and give effect to' the legislative purpose without unduly restricting or expanding a statute's coverage beyond its intended scope." *Poper* [*ex. Rel. Poper v. Rollins*], 90 S.W.3d [682,] 684 [(Tenn. 2002]) (citing *Mooney* [*v. Sneed*], 30 S.W.3d [304,] 306 [(Tenn. 2000)]). It is not for this Court to question the wisdom of a statutory scheme, but instead, to construe and apply the law as written. *Carson Creek Vacation Resorts, Inc. v. State, Dept. of Revenue*, 865 S.W.2d 1, 2 (Tenn. 1993). We determine legislative intent by applying "the natural and ordinary meaning of the language" without forcing or conjuring an interpretation that expands or limits its application. *Id.* Moreover, this Court "presume[s] that the legislature says in a statute what it

means and means in a statute what it says there." *Gleaves v. Checker Cab Transit Corp.*, 15 S.W.3d 799, 803 (Tenn. 2000) (quoting *BellSouth Telecomms., Inc. v. Greer*, 972 S.W.2d 663, 673 (Tenn. Ct. App. 1997)).

*Id.* at 318-19.

Tennessee Code Annotated § 56-7-1201(a) generally introduces the requirement for uninsured motorist coverage in automobile liability insurance policies:

> Every automobile liability insurance policy delivered, issued for delivery or renewed in this state, covering liability arising out of the ownership, maintenance, or use of any motor vehicle designed for use primarily on public roads and registered or principally garaged in this state, shall include uninsured motorist coverage, subject to provisions filed with and approved by the commissioner, for the protection of persons insured under the policy who are legally entitled to recover compensatory damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting from injury, sickness or disease.

This Court has observed that "uninsured motorist insurance does not actually insure the uninsured motorist" but instead "insures the insured and assures him to some recovery when the other parties do not have liability insurance." *Erwin v. Rose*, 980 S.W.2d 203, 208-09 (Tenn. Ct. App. 1998) (quoting *Thompson v. Parker*, 606 S.W.2d 538, 540 (Tenn. Ct. App. 1980)).

Specifically at issue in this action, Tennessee Code Annotated § 56-7-1201(b)(3) provides:

> (3) With respect to bodily injury to an insured while occupying an automobile not owned by the insured, the following priorities of recovery under uninsured motorist coverage apply:
>
> (A) The uninsured motorist coverage on the vehicle in which the insured was an occupant shall be the primary uninsured motorist coverage;
>
> (B) If uninsured motorist coverage on the vehicle in which the insured was an occupant is exhausted due to the extent of compensatory damages, then the uninsured motorist coverage provided by a policy under which the insured is a named insured shall be applicable as excess coverage to the policy

described in subdivision (b)(1); provided, that if the insured is covered as a named insured under more than one (1) policy, then only the policy with the highest limits of uninsured motorist coverage shall apply;

(C)     If the uninsured motorist coverage provided under the policies described in subdivisions (b)(3)(A) and (B), if applicable, is exhausted due to the extent of compensatory damages, then the uninsured motorist coverage provided by a policy under which the insured is covered other than as a named insured shall be applicable as excess coverage to the policies listed in subdivisions (b)(3)(A) and (B); provided, that if the insured is covered by more than one (1) such policy, then only the policy with the highest limits of uninsured motorist coverage shall apply; and

(D)     In no instance shall the insured be entitled to receive total benefits from all policies listed in subdivisions (b)(3)(A)-(C) in an amount greater than the limits of the policy providing the highest limits of uninsured motorist coverage.

Plaintiffs were occupants of Ms. Teague's vehicle, which was covered by her uninsured motorist coverage with Tennessee Farmers, rendering the coverage with Tennessee Farmers "primary" under § 56-7-1201(b)(3)(A). Plaintiffs confine their analysis to this primary status and assert that because Tennessee Farmers is primary, it must pay the policy limits regardless of any payment Plaintiffs have previously recovered from other insurers. However, we agree with Tennessee Farmers' interpretation that under § 56-7-1201(b)(3)(A)-(C), "the statutory priorities of uninsured motorist coverage come into play" when "a plaintiff insured has uninsured motorist coverage with limits in excess of the defendant's liability coverage" and "a judgment is rendered against the defendant uninsured motorist, in excess of the liability coverage."

Moreover, Plaintiffs' argument discounts the limiting provision of § 56-7-1201(b)(3)(D), which clearly states that "[i]n no instance shall the insured be entitled to receive total benefits from all policies listed in subdivisions (b)(3)(A)-(C) in an amount greater than the limits of the policy providing the highest limits of uninsured motorist coverage" (emphasis added). Plaintiffs' argument also discounts the provision in the Teague Policy, which states: "In no event shall the total amount of recovery from all policies and bonds, including any amount recovered under your Uninsured Motorist Coverage, exceed the limits of your Uninsured Motorist Coverage." Although the statutory language would prevail if there were a conflict between it and the policy language, here,

- 9 -

the language of this policy provision mirrors § 56-7-1201(b)(3)(D). *See McCoy v. Conway*, No. M2021-00921-COA-R3-CV, 2022 WL 3131518, at *3 (Tenn. Ct. App. Aug. 5, 2022) ("Uninsured/underinsured motorist 'statutes, as a matter of law, become provisions of all automobile insurance policies issued for delivery in Tennessee. Where there is a conflict between a statutory provision and a policy provision, the statutory provision must prevail.'" (quoting *Powell v. Clark*, 487 S.W.3d 528, 532 (Tenn. Ct. App. 2015))).

In determining that Tennessee Farmers was "entitled to a judgment as a matter of law," the trial court found in pertinent part:

> The applicable statute T.C.A § 56-7-1201 and the Tennessee Farmers contract are explicit in their prioritizing of the applicability of various uninsured motorist coverages. If an insured making a bodily injury claim was occupying an automobile he or she did not own at the time of the injury, the primary uninsured motorist coverage is the coverage on the vehicle in which the insured was an occupant. In this case, that would be Tennessee Farmers with a coverage limit of $50,000.00 per person and $100,000.00 per accident.

> If the uninsured motorist coverage on the vehicle in which the insured was an occupant is exhausted the uninsured motorist coverage of a policy under which the injured insured is a named insured is applicable as excess coverage to the policy (in this case the Tennessee Farmers policy) on the vehicle in which the insured was an occupant. The Hinds plaintiffs are named insureds on the National Casualty Company policy with a single limit of coverage of $100,000.00. If the above coverages are exhausted, a policy under which the plaintiff is covered but is not a named insured will be applicable as excess coverage.

> T.C.A. § 56-7-1201(b)(3)(D) provides that in no instance shall the insured be entitled to receive total benefits from all policies in an amount greater than the limits of the policy providing the highest limits of uninsured motorists coverage. The policies to which this section applies are the Tennessee Farmers policy with limits of $50,000.00 per person and $100,000.00 per accident which is the primary uninsured motorist coverage. The policy referenced in T.C.A. § 56-7-1201[(b)](3)(B) is the National Casualty Company policy under which the Plaintiffs are named insureds. The Plaintiffs have settled their case against National Casualty by accepting the $50,000.00 each. Therefore, for purposes of this lawsuit, they have agreed that the coverage of each under that policy is $50,000.00 which is the same as the single limit amount for the Tennessee Farmers policy. Therefore,

pursuant to Subsection (D), they are not entitled to receive total benefits from the Tennessee Farmers policy and the National Casualty Company policy in an amount greater than the limits of the policy providing the highest limits of uninsured motorist coverage. The highest limits of uninsured motorist coverage are $50,000.00. Additionally, the Farm Bureau/Tennessee Farmers policy attached as an Exhibit to the Motion of Summary Judgment by way of the certification of Scott Wells, Vice-President, Automobile of Tennessee Farmers Insurance Companies includes at page 20 under Limit of Liability is the clause:

> In no event shall the total amount of recovery from all policies and bonds, including any amount recovered under **your** uninsured motorist's coverage exceed the limits of **your** uninsured motorist's coverage.

It has been established the plaintiffs each have received $30,000.00 from Allstate under the liability coverage of the named Defendant and $50,000.00 under the National Casualty Company policy. As the Tennessee Farmers policy has a limit of liability of $50,000.00 per person for uninsured motorist coverage and the plaintiffs have recovered $80,000.00 per person, the Limit of Liability clause precludes their recovery from Tennessee Farmers.

The applicable statute T.C.A. § 56-7-1201 makes provisions for contracts which provide uninsured motorist coverage to include limitations and offsets which are designed to avoid duplication of coverage. Tennessee case law is in accord with the Legislature's approach. The legislative intent is to allow uninsured motorist carriers to limit their liability when an insured is able to collect monies elsewhere, no matter the source. *Green v. Johnson*, 249 S.W.3d, 313, [322] (Tenn. 2008).

Plaintiffs assert that in the first two paragraphs quoted above, the trial court "seemed to tilt towards [Plaintiffs] by stating that if the coverages of National Casualty are exhausted, a policy under which [Plaintiffs] are covered but are not named as insured, will be applicable as excess coverage." We disagree with this characterization of the trial court's analysis. The court simply summarized what the effect of the statutory priorities of coverage would be if coverages were exhausted. The court then found that in this case, Plaintiffs had received $50,000 each from National Casualty and $30,000 each from Allstate for a total of $80,000 each. Therefore, prior to the instant summary judgment hearing, Plaintiffs had recovered "an amount greater than the limits of the policy providing the highest limits of uninsured motorist coverage." *See* Tenn. Code Ann. § 56-7-

1201(b)(3)(D). As the trial court explained, for purposes of this action, Plaintiffs had agreed that the highest limit of uninsured motorist coverage under the National Casualty policy was $50,000 each by accepting that amount, which equaled the highest limit of uninsured motorist coverage under the Teague Policy with Tennessee Farmers. Additionally, the Teague Policy provides that the upper limit of the amount recovered will not exceed the limits of the uninsured motorist coverage under the Teague Policy.

Plaintiffs attempt to flag the dispositive issue here as one of first impression. However, in stating that Tennessee Code Annotated § 56-7-1201 "makes provisions for contracts which provide uninsured motorist coverage to include limitations and offsets which are designed to avoid duplication of coverage," the trial court relied on our Supreme Court's decision in *Green*, 249 S.W.3d 313. Although the *Green* Court did not directly address the operation of § 56-7-1201(b)(3)(D), we agree that the *Green* Court's analysis of the uninsured motorist statutory scheme as a whole and its holding are applicable to the case at bar.

The *Green* Court addressed the issue of "whether an uninsured motorist carrier may reduce amounts owed under an uninsured motorist provision by the amount of settlement proceeds an insured receives from a non-motorist defendant." *Green*, 249 S.W.3d at 314. One of the plaintiffs had been walking in a crosswalk when she was struck by a vehicle driven by an intoxicated driver, with the vehicle's intoxicated co-owner riding as a passenger, after the two occupants of the vehicle had been drinking in a pub. *Id.* at 315. The plaintiffs sued the driver, co-owner of the vehicle, the pub, and pub employees. *Id.* The plaintiffs were awarded a judgment against the driver and co-owner of the vehicle, and they entered into a settlement with the pub and its employees. *Id.*

The *Green* plaintiffs had also served notice upon their uninsured motorist insurer, State Farm Mutual Automobile Insurance Company ("State Farm"), and State Farm moved for summary judgment. *Id.* The trial court granted the summary judgment motion, and this Court affirmed. *Id.* at 316-17 ("[T]he Court of Appeals held that prior appellate decisions discussing the uninsured motorist statutes clearly allow State Farm to reduce the amount owed under the Policy by the amounts the [plaintiffs] received from the Settlement."). On appeal, the *Green* plaintiffs argued that State Farm should not be allowed to offset settlement proceeds from non-motorist defendants. *Id.* at 317. Our Supreme Court disagreed and affirmed the grant of summary judgment, holding:

> Because the uninsured motorist statutes, codified at Tennessee Code Annotated sections 56-7-1201 to -1206, unambiguously allow an uninsured motorist carrier to limit its liability by "the sum of the limits collectible under all liability and/or primary uninsured motorist insurance policies, bonds, and securities applicable to the bodily injury or death of the insured," Tenn. Code

Ann. § 56-7-1201(d), and to receive an offset or credit for "the total amount of damages collected by the insured from all parties alleged to be liable for the bodily injury or death of the insured," *id.* § 1206(i), we conclude that the uninsured motorist carrier in this case is entitled to an offset for the monies the insured received from the non-motorist defendants.

*Id.* at 314.

The statutory subdivision relied upon by the trial court in this action, Tennessee Code Annotated § 56-7-1201(b)(3)(D), comports with the *Green* holding regarding the uninsured motorist statutes. *See In re Estate of Tanner*, 295 S.W.3d 610, 614 (Tenn. 2009) ("[T]he language of a statute cannot be considered in a vacuum, but 'should be construed, if practicable, so that its component parts are consistent and reasonable.'" (quoting *Marsh v. Henderson*, 424 S.W.2d 193, 196 (Tenn. 1968))). Tennessee Code Annotated § 56-7-1201(d) provides in pertinent part:

> The limit of liability for an insurer providing uninsured motorist coverage under this section is the amount of that coverage as specified in the policy less the sum of the limits collectible under all liability and/or primary uninsured motorist insurance policies, bonds, and securities applicable to the bodily injury or death of the insured.

Similarly, Tennessee Code Annotated § 56-7-1206(i) (West August 14, 2008, to current) provides:

> The uninsured motorist insurance carrier shall be entitled to credit for the total amount of damages collected by the insured from all parties alleged to be liable for the bodily injury or death of the insured whether obtained by settlement or judgment and whether characterized as compensatory or punitive damages.

Our Supreme Court in *Green* cited with approval its previous holding in *Poper ex rel. Poper v. Rollins*, 90 S.W.3d 682 (Tenn. 2002), stating:

> [T]his Court held that the uninsured motorist statutes unambiguously allow "an uninsured motorist insurance carrier to limit its liability by offsetting '*all* liability and/or primary uninsured motorist insurance policies, bonds, and securities applicable to the bodily injury or death of the insured.'" [*Poper*, 90 S.W.3d] at 685 (quoting Tenn. Code Ann. § 56-7-1201(d)) (emphasis in original).

- 13 -

*Green*, 249 S.W.3d at 318. The *Green* Court noted that subsequent to the release of *Poper*, the General Assembly amended the uninsured motorist statutory scheme by adding several subsections to § 56-7-1206, including subsection (i). *Id.* at 319 ("Although our holding in *Poper* was predicated on our finding that the uninsured motorist statutes are unambiguous, any doubt as to the intended meaning of the statutes was removed by the General Assembly subsequent to its release."). The Court determined the language in § 56-7-1206(i) to be "clear and unambiguous" and to mean that "[u]ninsured motorist coverage providers are entitled to a 'credit for the total amount of damages collected by the insured from *all* parties alleged to be liable." *Id.* (quoting Tenn. Code Ann. § 56-7-1206(i)) (emphasis in *Green*) (footnotes omitted).

Furthermore, this Court recently reached a similar determination regarding the language in Tennessee Code Annotated § 56-7-1205 (West August 14, 2008, to current), which provides:

> Nothing contained in this part shall be construed as requiring the forms of coverage provided pursuant to this part, whether alone or in combination with similar coverage afforded under other automobile liability policies, to afford limits in excess of those that would be afforded had the insured under the policies been involved in an accident with a motorist who was insured under a policy of liability insurance with the minimum limits described in § 55-12-107, or the uninsured motorist liability limits of the insured's policy if the limits are higher than the limits described in § 55-12-107. The forms of coverage may include terms, exclusions, limitations, conditions, and offsets that are designed to avoid duplication of insurance and other benefits.

*See McCoy*, 2022 WL 3131518, at *8 ("In sum, section 56-7-1205 and the construing caselaw permit an insurer to offset its payment of uninsured motorist coverage by the amounts that the insured receives from other legally responsible parties.").

We conclude that the trial court properly found that under Tennessee Code Annotated § 56-7-1201(b)(3) and the Teague Policy, Plaintiffs were precluded from recovering a judgment against Tennessee Farmers. Moreover, Tennessee Code Annotated §§ 56-7-1201(d), 56-7-1205, and 56-7-1206(i) also support this result. *See Green*, 249 S.W.3d at 319; *McCoy*, 2022 WL 3131518, at *8. In this case, although Plaintiffs have cited to authorities for general legal principles, they have cited no authority contradicting settled interpretation of the uninsured motorist statutory scheme's provisions for allowing insurers to offset amounts received by insureds through settlements or judgments from other parties alleged to be liable. *See Green*, 249 S.W.3d at 314. Accordingly, we affirm the trial court's grant of summary judgment in favor of Tennessee Farmers.

## V. Remaining Issues

Tennessee Farmers also raises an issue concerning whether Ms. Oliver's vehicle failed to meet the statutory and policy definitions of an uninsured motor vehicle. Acknowledging that the trial court did not address this argument, Tennessee Farmers urges this Court to consider it as an additional reason for granting summary judgment in its favor. Having concluded that the trial court properly granted summary judgment in Tennessee Farmers' favor upon another ground, we determine this issue to be pretermitted as moot.

In the conclusion of its appellate brief, Tennessee Farmers requests an award of attorney's fees on appeal pursuant to Tennessee Code Annotated § 27-1-122 (West 1975 to current), which provides for the discretionary award of damages incurred by an appellee defending against a frivolous appeal. During oral argument before this Court, Tennessee Farmers withdrew this request. We note that Tennessee Farmers failed to raise its request for an award of attorney's fees on appeal in its statement of the issues. *See Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012) ("[A]n issue may be deemed waived when it is argued in the brief but is not designated as an issue in accordance with Tenn. R. App. P. 27(a)(4)."). Therefore, we recognize Tennessee Farmers' withdrawal of its request for attorney's fees on appeal and also deem the request to have been waived.

## VI. Conclusion

For the foregoing reasons, we affirm the trial court's judgment in its entirety. We remand this matter to the trial court for enforcement of the judgment and collection of costs assessed below. Costs on appeal are assessed to the appellants, Christopher Hinds and Stephanie Hinds.

s/ Thomas R. Frierson, II
THOMAS R. FRIERSON, II, JUDGE